JOHNNY A. TALBOT, appellee, v. FRANK A. TALBOT, appellant.

No. 50974.

(Reported in 122 N.W.2d 456)

JUNE 11, 1963.

Guernsey & Powers, of Centerville, and D. W. Harris, of Bloomfield, for appellant.

Valentine, Greenleaf & Griffing, of Centerville, for appellee.

LARSON, J.—The matter before us in this interlocutory appeal, duly granted, involves the authority of the trial court under rule 215.1 of the Iowa Rules of Civil Procedure. The trial court refused to dismiss plaintiff's proceeding in equity for an accounting and for dissolution of a partnership for want of prosecution under that rule, although it appears without dispute that the case had been on file for more than a year prior to July 15, 1962, and that the issues had been formed when the clerk of court gave the following notice to all counsel of record:

"You are each hereby notified that the petition in this case was filed February 24, 1961, and pursuant to the provisions of Rule of Civil Procedure 215.1 this case will be for trial and subject to dismissal if not tried at the next term commencing after August 15, 1962, to-wit: the October, 1962, Term, unless order is entered as provided in said rule."

On September 28, 1962, the plaintiff filed an application to produce certain books and papers, which was called to the court's attention on October 1, 1962, when the October term commenced. Plaintiff contends the trial court verbally agreed to continue the matter beyond the term, but there is nothing in the record to indicate defendant's counsel were notified of this action. The October term of court expired on November 18, 1962, without trial and without an order of record granting any continuance. On November 21, 1962, defendant filed his motion to dismiss pursuant to rule 215.1, R. C. P. By way of resistance plaintiff claimed the case had not been assigned for trial on October 1, 1962, due to the fact that a material motion had not been ruled upon and the case was not ready for trial. However, it clearly appears no application for a continuance was filed and no formal order of continuance was issued by the court.

On December 4, 1962, plaintiff amended his application for production of books and papers and asked the court for a continuance. On December 13, 1962, the trial court ruled it had discretion in the matter and refused to dismiss the suit. This appeal followed.

Appellant relies upon two propositions for reversal: (1) That the discretion of the trial court to grant a continuance under such circumstances is limited as provided in rule 215.1, and (2) that the trial court erred in overruling defendant's motion to dismiss under the facts disclosed by the record. He further contends that if any continuance was granted plaintiff by the court in October, it was entirely ex parte, without a hearing, and without the knowledge or consent of defendant, and therefore invalid.

I. When a cause has been noted for trial pursuant to rule 215.1 and due notice is served by the clerk, the trial court has no power to grant a continuance of the matter, except on application, notice and hearing to all parties, unless the same is by stipulation, and then only by an order made of record in the cause. Windus v. Great Plains Gas, 254 Iowa 114, 116 N.W.2d 410; rule 215.1, Rules of Civil Procedure, Code of Iowa, 1962.

Rule 215.1 became effective July 4, 1961. It is a uniform rule for dismissal for want of prosecution. Its policy in the first

paragraph states: "It is the declared policy that in the exercise of reasonable diligence every civil and special action, except under unusual circumstances, shall be brought to issue and tried within one year from the date it is filed and docketed and in most instances within a shorter time."

The rule then is applied to all cases at law or in equity, and places upon the clerk a duty as follows: "All cases at law or in equity where *the petition* has been filed more than one year prior to July 15 of any year *shall be for trial* at the next term commencing after August 15 of said year. The clerk shall prior to August 15 give notice to counsel of record as provided in rule 82 of: (a) the docket number, (b) the names of parties, (c) counsel appearing, (d) date of filing petition, and the notice *shall state that such case will be for trial* and subject to dismissal if not tried in the next succeeding term pursuant to this rule." (Emphasis supplied.)

It then goes on to provide: "All such cases *shall* be assigned and tried or dismissed without prejudice at plaintiff's costs *unless* satisfactory reasons for want of prosecution or grounds for continuance be shown *by application and ruling thereon after notice and not ex parte."* (Emphasis supplied.)

The rule is then made inapplicable to certain matters not relative to the case at bar and concludes: "No continuance under this rule shall be by stipulation of parties *alone* but *must be by order of court.* Where appropriate the order of continuance shall be to a date or term certain." (Emphasis supplied.)

As stated in the recent case of Windus v. Great Plains Gas, these terms are positive and definite and the rule clearly mandatory. No substantial departure therefrom can be permitted and have the rule effective. "The operation of the rule is not discretionary with the trial court." Windus v. Great Plains Gas, supra, 254 Iowa 114, 123, 116 N.W.2d 410, 415, and authorities cited.

While it may at first blush seem that this is a harsh rule and that it deprives the trial court of much of its discretion in matters before it, such is really not the case. The rule does not limit or purport to limit the sound discretion of the trial court to grant continuances for just cause. It merely requires that

that discretion be exercised pursuant to a timely application and that its action thereon be by enrolled order after notice to the parties. The rule simply requires all cases which have been commenced over a year prior to July 15 of any year to be included in the assignment at the next term of court after August 15 of that year. After such notice by the clerk, there is no discretion in the trial court to assign or not assign the case for trial, and unless affirmative action by one or both sides of the litigation is taken, it has no authority to continue the matter on its own motion. Thus it may be said the case, when so noted for trial, is automatically placed in the assignment and, unless it is tried or continued by proper order of court during that term, it is to be dismissed.

The rule is of uniform application throughout the state and is not harsh or unfair. It is a rule necessary to expedite the trial of cases brought to court. It is a rule of diligence and requires no more of counsel or of courts than litigants have a right to expect. It deprives neither of right or authority. For good and sufficient reason any case may still be continued when application is promptly made and the parties are advised of the request and when the court's action is by enrolled order.

■ Here, even though the court agreed to delete this case from the assignment and struck it from the list of cases assigned for trial October 2, it was done without application, without notice to defendant, and without an enrolled order. It failed to meet the requirements of rule 215.1 and was of no effect. Thus the case was still for trial when the term ended November 18, 1962, and became subject to dismissal under the rule when the following term commenced.

■ II. As provided in rule 215.1, unless a cause noted for trial by the clerk is tried or continued, it must be dismissed at the next term of said court and the trial court has no discretion in the matter. Windus v. Great Plains Gas, supra, 254 Iowa 114, 123, 116 N.W.2d 410, 415. It is true the Windus case involved the authority of the trial court to reinstate a dismissed case, yet we discussed the provision of the rule and said, "The rule provides that cases 'shall be assigned *and* tried *or* dismissed'. * * * The rule provides for alternative procedure, assignment

and trial or dismissal. Assignment is ordinarily a prerequisite to trial but under the rule neither assignment nor trial is a prerequisite to dismissal."

There is no dispute in the pertinent facts. The case was not continued by an enrolled order after notice to the litigants or by stipulation approved by a court order. Thus it was not tried or continued as required by rule 215.1, R. C. P., Code, 1962. It must, therefore, be concluded that the court had no discretion as to whether it dismissed the case and that it erred in denying defendant's motion to dismiss. The matter is remanded with instructions to dismiss this suit against defendant without prejudice as provided in the rule.—Reversed and remanded.

All Justices concur.