DALE GAMMEL, appellant, v. VIRGIL WAYNE PERRY et al., appellees.

No. 51403.

(Reported in 130 N.W.2d 550)

SEPTEMBER 22, 1964.

Stipe, Davidson & Hemphill, of Clarinda, for appellant.

Ross, Johnson, Stuart, Tinley & Peters, of Council Bluffs, for appellees.

THORNTON, J.—Plaintiff's action for property damage arising out of an automobile collision was dismissed by the trial court under rule 215.1, Rules of Civil Procedure. Plaintiff appeals urging for reversal this case was assigned for trial September 13, 1963, defendants were in default for failure to present themselves for trial and his motion for default judgment should have been sustained and the assignment of a case is a condition precedent to the operation of rule 215.1, the case was assigned for a day certain on October 18, that he amended his motion to ask for a continuance and the court was without jurisdiction to render the judgment entry dismissing the case.

Plaintiff's petition was filed July 5, 1961. On July 15, 1963, the clerk gave notice under rule 215.1 that gave rise to these proceedings. No question is raised as to the sufficiency of the notice or service thereof.

■ I. It is necessary to examine the record bearing on whether the case was assigned for trial. On this rests plaintiff's claim he was entitled to a default. Whether a case was assigned for trial and was so considered by court and counsel is a question of fact. We are bound by the trial court's findings if it is supported by substantial evidence. See rule 344(f)1, Rules of Civil Procedure.

■ The record shows an assignment for the September term in Montgomery County was had August 23, 1963. At that time there was no certificate of readiness for trial in this case nor was there a request made that it be placed in the trial assignment. It did appear in the printed docket under the heading of special calendar cases. The printed assignment contained the statement, "SPECIAL CALENDAR CASES set for September 13, 1963."

In a letter dated September 11, in response to an inquiry by defense counsel, the clerk advised them this case had not been set for trial in the September term. On September 25 plaintiff filed a motion for a default judgment, it contained three paragraphs: 1, the case had been at issue for almost a year and had been passed over for assignment for that period; 2, it had been impossible to assign the case during the September-October term of 1963; and 3, plaintiff is and has been ready, willing and able to try this case since it has been at issue.

This motion alone is substantial evidence plaintiff's counsel did not consider the case assigned for trial on September 13, and to sustain the trial court.

Defendants filed a resistance to plaintiff's motion on September 25. On October 18 this case was assigned for a pretrial conference for October 28 and for trial on November 12.

On October 28 defendants filed a motion to dismiss under rule 215.1. The September term ended October 28. On November 1 a hearing was held on plaintiff's motion for a default and defendants' motion to dismiss. After the court indicated its position plaintiff amended his motion for a default by amending

paragraph 2 to read, "That the above entitled matter was set for trial in Montgomery County on the 13th day of September, 1963, and that the defendants failed to appear." He also added a fourth paragraph to the effect 'the defense had sufficient time after the 13th of September and before the filing of plaintiff's motion if they wanted to try the case. This amendment was accompanied by an affidavit of plaintiff's counsel, therein he stated he went to Red Oak on September 13 at which time the case was set for trial, defense counsel did not appear and were in default and further he inquired of any type of special assignment only to find the judge was going to Europe and would not be available for any special assignment. Plaintiff further amended his motion by adding a division asking for a continuance for the reasons previously urged for a default and "That on October 18, 1963, there was to be [sic] an Assignment which Assignment would have been within the September term, and which Assignment the defense counsel would be [sic] given notice of.", and the judge was in Europe.

The record shows the presiding judge advised those at the assignment he would make the European trip sponsored by the state bar association, that he wished to handle whatever could be handled during the first two weeks of the term, and he would be in Europe from then until October 10, 1963. There was no judge in Red Oak on September 13, 1963.

The trial court found the case was not set for trial and overruled the motion for default. The court did find plaintiff had not complied with rule 215.1 and dismissed the action without prejudice. We must agree. The foregoing is substantial evidence not only that the court and the clerk did not consider the case assigned for trial on September 13 but plaintiff's counsel did not so consider it. In addition to the allegation in the motion for default as originally filed, his statements in the affidavit as well as having the case in the October 18 assignment are inconsistent with an assignment for trial on September 13 on which he was relying for a default. Counsel for plaintiff does not contend the other grounds of his motion for default are good.

Nothing said herein holds that a plaintiff whose case is with-

in rule 215.1 would not be entitled to a default under rule 230, Rules of Civil Procedure, in a proper case.

██ II. Plaintiff's contention that assignment is a condition precedent to the operation of rule 215.1 is contrary to our holding in Windus v. Great Plains Gas, 255 Iowa 587, 122 N.W.2d 901. The same contention was made there. At page 592 of 255 Iowa, page 904 of 122 N.W.2d, we point out it is not the duty of the clerk or trial court to assign the case for trial. The clerk's duty is performed when he gives the prescribed notice. "Parties who receive the notice are charged with protecting their rights. They must see that the case is 'assigned and tried', or suffer the consequences of dismissal. They may, of course, file a motion for continuance, * * *."

Rule 215.1, in pertinent part, provides:

"All cases at law or in equity where the petition has been filed more than one year prior to July 15 of any year shall be for trial at the next term commencing after August 15 of said year. * * * All such cases shall be assigned and tried or dismissed without prejudice at plaintiff's costs unless satisfactory reasons for want of prosecution or grounds for continuance be shown by application and ruling thereon after notice and not ex parte. * * * No continuance under this rule shall be by stipulation of parties alone but must be by order of court. Where appropriate the order of continuance shall be to a date or term certain."

██ From the second Windus case, supra, at pages 592, 593 of 255 Iowa, page 904 of 122 N.W.2d, and the rule itself, the alternatives are 1, assigned and tried, 2, dismissal without prejudice and 3, continued upon showing of satisfactory reasons for want of prosecution or grounds for continuance by application and ruling thereon after notice and not ex parte.

III. Plaintiff contends the assignment of this case for trial on November 12, 1963, at the assignment on October 18, 1963, in some manner complies with rule 215.1, or rules 181.2, 181.3, 182 and 183, Rules of Civil Procedure, were complied with or govern the situation. This is a mistaken view, if the express purpose of rule 215.1, that every action shall be tried within one year, is to be given effect it follows that every action falling within rule 215.1 and notice therein provided is given by the clerk the

case is thereafter governed by the strict provisions of rule 215.1. See Talbot v. Talbot, 255 Iowa 337, 122 N.W.2d 456; and Seela v. Haye, 256 Iowa 606, 128 N.W.2d 279.

Once the case came under rule 215.1 and notice was given, an assignment of the case for a term or date certain succeeding "the next term commencing after August 15", other than pursuant to an application, with notice, after hearing, ruling and order for continuance as provided in rule 215.1, is of no effect and does not remove the case from the provisions or effect of rule 215.1. This is true whether rules 181.2, 181.3, 182 and 183 are complied with.

IV. In the first Windus case, Windus v. Great Plains Gas, 254 Iowa 114, 116 N.W.2d 410, the order of dismissal was entered by the clerk on the first day of the succeeding term. Here the dismissal was entered by the trial court on motion of the defendants. In the first Windus case, supra, at page 125 of 254 Iowa, page 416 of 116 N.W.2d, we said, "We interpret the rule to mean that in order to avoid a mandatory dismissal under the rule there must be an application setting forth the reasons, notice, hearing, finding and order for continuance before the entry of a dismissal."

In the case at bar plaintiff did not attempt to file a motion for continuance until after the expiration of the September term, he did so by amending his motion for default by adding another division. This was not timely. It is only necessary to decision here to hold the motion for continuance must be on file prior to the expiration of the next term after August 15. At the time of the hearing in this case, November 1, 1963, the only power or jurisdiction the trial court then had with reference to this case was to dismiss it without prejudice. The trial court had no discretion in the matter. Talbot v. Talbot, 255 Iowa 337, 342, 122 N.W.2d 456, 459; Windus v. Great Plains Gas, 254 Iowa 114, 123, 116 N.W.2d 410, 415; and Seela v. Haye, 256 Iowa 606, 609, 610, 128 N.W.2d 279, 280.—Affirmed.

All JUSTICES concur except HAYS, J., not sitting.