Connie M. McKinney and Leonard M. McKinney, appellees, v.
Lloyd M. Hirstine and C. E. Erickson Co., Inc.,
appellants.

No. 51372.

(Reported in 131 N.W.2d 823)

December 15, 1964.

Rehearing Denied February 9, 1965.

Brunk, Janss, Dreher, Wilson & Adams, of Des Moines, for appellant Lloyd M. Hirstine.

John Paul Jones and W. C. Hoffmann, both of Des Moines, for appellant C. E. Erickson Co., Inc.

Stewart, Miller, Wimer, Brennan & Joyce and Lex Hawkins & Associates, all of Des Moines, for appellees.

THOMPSON, J.—This appeal brings before us another controversy arising under the provisions of Rule of Civil Procedure 215.1. The decisive question now before us is the effect of a continuance to a term certain granted by proper order of the court, when the case was not tried and no further continuance granted at the term to which the continuance was ordered.

The plaintiffs' original petition was filed on December 27, 1961. This brought the case under the provisions of the rule after July 1, 1963; and on August 15, 1963, the clerk of the Polk District Court sent the required notice to all counsel of record. The notice advised that the case would be dismissed if not tried at the September 1963 term of the court. Prior to the expiration of the September term the case was continued, by proper proceedings and order of the court, to the November 1963 term. No dispute arises as to these facts.

Nothing was done at the November term in the way of a trial or a further application for continuance. The November term having ended and the January 1964 term having commenced, the defendants on January 10, 1964, filed their separate motions to dismiss under rule 215.1. The motions were each denied by the trial court, and we granted leave to the defendants to appeal.

On November 6, 1963, which was during the November term, the plaintiffs filed a certificate of readiness for trial. Objections were filed by the defendants on November 13 next, and amendments to answers were filed by the defendants during the Novem-

ber term, and these motions were undisposed of at that term. They were, however, ruled upon by the trial court at the same time it denied the rule 215.1 motions to dismiss.

I. It is not a pleasant duty to advise litigants that they slept upon their rights and their cases must be dismissed without a trial on the merits. But rule 215.1 is mandatory; it serves a useful purpose in that it prevents unnecessary delays in the disposition of suits, and compels expeditious determinations of the issues involved before they are lost in the mists of legal antiquity. Although the rule has been the subject of several decisions and interpretations, and should be, if it is not, well known to the legal profession, we set out the material portions again:

"It is the declared policy that in the exercise of reasonable diligence every civil and special action, except under unusual circumstances, shall be brought to issue and tried within one year from the date it is filed and docketed and in most instances within a shorter time.

"All cases at law or in equity where the petition has been filed more than one year prior to July 15 of any year shall be for trial at the next term commencing after August 15 of said year. The clerk shall prior to August 15 give notice to counsel of record as provided in rule 82 of:

"(a) the docket number,
"(b) the names of parties,
"(c) counsel appearing,
"(d) date of filing petition,

and the notice shall state that such case will be for trial and subject to dismissal if not tried in the next succeeding term pursuant to this rule. All such cases shall be assigned and tried or dismissed without prejudice at plaintiff's costs unless satisfactory reasons for want of prosecution or grounds for continuance be shown by application and ruling thereon after notice and not ex parte."

The substantial question now before us concerns the effect of the continuance to the November 1963 term. Did this take the case entirely out of the application of the rule, until the next July 15, when another notice must be given; or did it merely

398

continue it to the "term certain", leaving all other aspects still in force and effect. To ask the question seems to us to answer it.

A "continuance" generally means only that the date of hearing or trial is postponed. It does not affect the merits of the case; it does not change any rulings that have been made; it leaves all matters as they were before, except that the time is extended. In State v. Rourick, 245 Iowa 319, 324, 60 N.W.2d 529, 532, we said: "Furthermore, while the word 'continuance' may sometimes mean an adjournment or recess of a trial already in progress, we think its more common meaning * * * is the postponement to a later date of the commencement of trial."

So in the case at bar, the continuance was to a "term certain". The plaintiffs had one more term in which to bring their case to trial, or otherwise to dispose of it. They might have asked a further continuance; but they did nothing. We see no escape from the conclusion that the application of rule 215.1 was not otherwise changed. To hold with the plaintiffs and the trial court would mean that a continuance for one term would abrogate the rule for the entire remainder of the year, and compel a new notice after the next July 15 date was reached. We cannot agree with this interpretation.

II. The plaintiffs have filed no brief and argument in this court, and so we are left in doubt as to their position and that of the trial court. If it be that the defendants were in some measure responsible for the delay in trial because of the motions they had filed and which were undisposed of at the close of the November term, this is answered in Windus v. Great Plains Gas, 255 Iowa 587, 597, 122 N.W.2d 901, 907, where we said: "If a case is not at issue, whether the fault be that of plaintiff or defendant, or both, reasonable care dictates the filing of application for continuance."

That there are undecided motions, or applications, or even that the case is not at issue, may well be persuasive grounds for a continuance; but if none is asked and granted, the rule is mandatory. Without doubt, it assumes that all such matters will be disposed of in the time outlined in the rule between the commencement of the action and the giving of notice to "try or dismiss"; and if the case is not brought fully to issue and is not

ready for trial, for any reason, an application for continuance gives an effective mode of prevention of dismissal.

In Talbot v. Talbot, 255 Iowa 337, 341, 122 N.W.2d 456, there was an application for production of books and papers which had not been ruled upon; but we held the rule applied. See also Windus v. Great Plains Gas, 254 Iowa 114, 127 to 129 inc., 116 N.W.2d 410, 417 to 419 inc.

III. The operation of rule 215.1 is mandatory and automatic. That is, after the "try or dismiss" term, as extended by the continuance had expired, the defendants were entitled to a judgment of dismissal without prejudice as a matter of right. The court had no discretion as to dismissing or not dismissing. Talbot v. Talbot, 255 Iowa 337, 341, 122 N.W.2d 456, 459. The rule is clearly stated in Gammel v. Perry, 256 Iowa 1129, 1134, 130 N.W.2d 550, 553. The court was in error in denying defendants' motions. They should have been granted, and the cause is reversed and remanded for that purpose.—Reversed and remanded.

All JUSTICES concur.