LOIS E. FISCHER and JEROME C. FISCHER, as father and next friend of Ronald, Florence, Jerome C., Frederick and James Fischer, all minors, appellants, v. DE-LORES MARIE HAUBER et al., appellees.

No. 51705.

(Reported in 134 N.W.2d 918)

MAY 4, 1965.

Smith & Hanson, of Emmetsburg, for appellants.

James, Greer, Nelson & Bertell, of Spencer, for appellees.

PETERSON, J.—This is a case for damages for injuries suffered in an automobile accident, which happened on June 30, 1960, near Estherville in Emmet County. Plaintiffs are the persons in the Fischer car and defendant Delores Marie Hauber was driving a car owned by defendant Harold Carl Hauber when the collision occurred.

The action for damages was filed on June 28, 1962. On August 26, 1963, a stipulation was filed by the attorneys for the parties in the case, which stipulation provided for a continuance of the case until the October 1963 term. The order for continuance was duly approved by the court on the basis of the stipulation.

There were no further pleadings and there was no further action by any parties in the case until July 23, 1964, which was about three years after the collision occurred and about one year after the stipulation and order for continuance was made to the October 1963 term. On said date defendants filed motion to dismiss according to rule 215.1, Rules of Civil Procedure.

On September 11, 1964, the motion for dismissal was argued by counsel for respective parties and on said date the action was dismissed.

Appeal from interlocutory order was granted. There is no question but what this specific point has been decided by this court recently in several cases. The new matter urged by appellants states that the circumstances of the present case are different in some respects from most of the recent decisions in that some of the parties had moved from New York to Oregon and there had been considerable discussion about the taking of depositions. Appellants' position is that if rule 215.1 is to be involved in every case in every term of court the Bench and Bar will spend a goodly amount of time complying with the rule. Appellants urgently contend that our very recent case of McKinney v. Hirstine, 257 Iowa 395, 131 N.W.2d 823, should be reconsidered by us and should be overruled.

The difficulty with appellants' position is that if some peculiar conditions are going to make it possible to distinguish rule 215.1, R. C. P., we will gradually whittle away at the rule so that finally there will, in fact, be no rule left. We have declined to do this and are not prepared to take the position that the McKinney case should be overruled.

In view of the several cases we have recently decided pertaining to the rule and the reasons and arguments in favor of the rule shown in the decisions, we must decline to alter our announced application of this rule. Windus v. Great Plains Gas, 254 Iowa 114, 116 N.W.2d 410; Talbot v. Talbot, 255 Iowa 337, 122 N.W.2d 456. The second case of Windus v. Great Plains Gas, 255 Iowa 587, 122 N.W.2d 901; Seela v. Haye, 256 Iowa 606, 128 N.W.2d 279; Gammel v. Perry, 256 Iowa 1129, 130 N.W.2d 550; McKinney v. Hirstine, 257 Iowa 395, 131 N.W.2d 823.

In addition to the quotations we have made in Anderson v. National By-Products, 257 Iowa 921, 135 N.W.2d 602, we find a very illuminating and comprehensive statement in the second Windus case, supra, on page 593 of 255 Iowa, as follows:

"The rule is meant to expedite litigation, and to make the dismissal practice uniform over the state. Talbot v. Talbot, supra, loc. cit. 255 Iowa 341, 122 N.W.2d 459. Before the adoption of the rule, each district had its own dismissal rule, and these varied considerably. Lawyers with practices in the several districts of the state were thereby placed under the necessity of watching and complying with differing dismissal rules in each judicial district; a confusing and burdensome situation. Now each attorney knows that the rule is the same state-wide. But he must comply with the rule as written; and he may not expect the clerk of court to see that his case is assigned and tried. That is his duty."

The order of the trial court dismissing the case at bar is correct and is, therefore, affirmed.—Affirmed.

All JUSTICES concur except HAYS, J., not sitting.