VERA KUTRULES, appellant, v. THOMAS F. SUCHOMEL, M.D., defendant-appellee, and MEARL REYNOLDS, executor of estate of Effie Frances Reynolds, deceased, defendant-appellant.

No. 51884.

(Reported in 141 N.W.2d 593)

APRIL 5, 1966.

REHEARING DENIED MAY 3, 1966.

R. L. Rick, of Des Moines, for plaintiff-appellant.

R. B. Wolfe, of Mount Vernon, for defendant-appellant Reynolds.

David M. Elderkin of Barnes, Wadsworth, Elderkin, Locher & Pirnie, of Cedar Rapids, for defendant-appellee Suchomel.

SNELL, J.—This submission involves two separate appeals. There is one plaintiff. There are two defendants sued by plaintiff in the same case but brought in by plaintiff at different times.

Plaintiff appeals from the order of the trial court dismissing her case against defendant Suchomel under rule 215.1, Rules of Civil Procedure. Defendant Reynolds, with our permission, appeals from the order of the trial court refusing to dismiss as against him.

The question whether liability if any would be joint, several, derivative or divisible is not before us although it is suggested in argument that the liability of defendant Suchomel would be based on the doctrine of respondeat superior.

On June 20, 1963, plaintiff filed suit against the defendant Thomas F. Suchomel, M.D., alleging a cause of action originating in November of 1961. Plaintiff alleged malpractice on the part of the defendant growing out of actions of Effie Frances Reynolds, an office assistant of Doctor Suchomel.

On December 6, 1963, plaintiff by amendment to her petition made Mearl Reynolds, executor of the estate of Effie Frances Reynolds, a party defendant and on the same date plaintiff recast her petition.

On February 17, 1964, plaintiff amended her recast petition.

On March 5, 1964, defendant Suchomel filed answer and on March 9, 1964, defendant Reynolds filed answer.

On August 15, 1964, the case against the defendant Suchomel being more than one year old the clerk of the district court, pursuant to rule 215.1, Rules of Civil Procedure, gave notice to all counsel appearing of record that the case would be for trial and subject to dismissal if not tried at the next term, which was at that time the October 1964 Term.

On October 1, 1964, plaintiff filed a Certificate of Readiness for trial. This certificate included the statement "Assignment for trial by jury upon timely demand filed is requested."

On October 20, 1964, and within the October Term plaintiff filed a motion to remove the case from the dismissal list. In addition to stating reasons why the case should not be dismissed plaintiff stated willingness to go to trial during the current term and in the alternative asked that the case be assigned for trial on a specific date. Counsel for each defendant received copy of the motion pursuant to rule 82, Rules of Civil Procedure.

The record before us does not indicate what, if any, oral argument followed, but we assume the motion was submitted as required by rule 117, Rules of Civil Procedure. On November 24, 1964, the court sustained plaintiff's motion to remove the cause from the dismissal list and continued the case to the January 1965 Term of court.

On March 18, 1965, plaintiff filed another Certificate of Readiness. This was within the January Term.

The January 1965 Term of court ended with the convening of the April Term on April 5, 1965.

Just why the case was not reached for trial during the January Term does not appear in the record, but clearly there was no abandonment or delay chargeable to plaintiff. In a motion filed by plaintiff it is alleged that by letter dated December 3, 1964, to the assignment judge plaintiff's counsel stated: "At this

time I would like to state that plaintiff is ready for trial and does very much desire to try this case * * *. It would be extremely helpful to me and my client if the case could be at a designated date in the January Term. * * *."

On April 5, 1965, which was the first day of the April Term, the case was assigned for trial on June 21, 1965.

On the same day, but from the chronology appearing in the record apparently later during the day, defendant Suchomel filed a motion to dismiss.

On August 15, 1964, when the notice under rule 215.1 was sent to counsel, the defendant Reynolds was a party defendant, but the case against him had not been on file for a year. As to him the notice was premature.

On April 8, 1965, defendant Reynolds filed a motion to dismiss under rule 215.1, Rules of Civil Procedure.

On June 1, 1965, the court sustained the motion to dismiss as to the defendant Suchomel and on the same date overruled the motion to dismiss as to the defendant Reynolds. Plaintiff Kutrules and defendant Reynolds respectively appeal from the adverse rulings.

I. Defendant Suchomel seeking affirmance as to him and defendant Reynolds seeking reversal of the ruling adverse to him, argue that the court's order of November 24, 1964, continuing the case to the January 1965 Term was ex parte and without jurisdiction. We do not agree. There is nothing in the record before us to support the claim that the ruling was ex parte within the meaning of rule 215.1, Rules of Civil Procedure.

We have repeatedly held that Rules of Civil Procedure have the force and effect of statutes. Krebs v. Town of Manson, 256 Iowa 957, 960, 129 N.W.2d 744; State v. District Court, 253 Iowa 903, 905, 114 N.W.2d 317; and Hubbard v. Marsh, 239 Iowa 472, 474, 32 N.W.2d 67.

Rule 1 provides that the rules shall govern practice and procedure.

Plaintiff's motion was filed October 20, 1964. Rule 82 requires forthwith mailing or delivery of copies by the clerk to attorneys of record for adverse parties.

It was stipulated that counsel for each defendant received

copies of the motion pursuant to rule 82, Rules of Civil Procedure. They accordingly had notice of the filing on or about October 20, 1964.

Rule 114 required defendants to take notice of the motions and of the regular motion day on which they would be heard.

Rule 117 provides for at least one motion day each month. Except on conditions not appearing here all motions on file ten days or more are deemed submitted. Plaintiff's motion was sustained November 24, 1964. This was 35 days after filing. We assume that the trial court followed the requirements of the rules and that the motion was submitted in its regular order.

■ An order or ruling is not ex parte within rule 215.1 when counsel has a copy of the motion, is required to take notice of the time and place of submission, and it is submitted as required.

■■ In 60 C. J. S., Motions and Orders, section 2 says: "Litigated motions are those made on notice to the adversary party, where he is afforded an opportunity to resist the application. Ex parte motions are applications made to the court in behalf of one or the other of the parties to the action, in the absence and usually without the knowledge of the other party or parties."

II. Rule 215.1 provides that in all cases at law or in equity where the petition had been filed more than one year prior to July 15, the *clerk shall prior to August 15 give notice to counsel.* (Emphasis added.) The operation of the rule is set in motion by the clerk's notice relative to cases more than one year old on July 15.

■ A notice as to cases less than one year old is ultra vires. It does not deprive the court of any discretion nor make mandatory the assignment and trial of the case. In Talbot v. Talbot, 255 Iowa 337, 341, 122 N.W.2d 456, we said: "After such notice by the clerk, there is no discretion in the trial court to assign or not assign the case for trial * * *."

■ In the case before us it was proper for the clerk to give notice to all counsel of record so that all might know of the situation. Defendant Reynolds might be vitally interested in the disposition of the case against defendant Suchomel. However,

giving notice to counsel for defendant Reynolds, against whom the case was not a year old, did not create in Reynolds any independent right to dismissal.

There is nothing in the record before us to show that there has ever been a timely notice under the rule as to the case against defendant Reynolds. The case against the two defendants may be divisible and if so the rights of the two defendants are not necessarily tied together.

Neither did the fact that the case against defendant Reynolds was not a year old preserve any rights of plaintiff against defendant Suchomel. In Windus v. Great Plains Gas, 254 Iowa 114, 116 N.W.2d 410, a defendant by cross-petition brought in an additional party. The cross-petition was for indemnity or contribution. We held that an order authorizing the bringing in of a defendant on cross-petition did not automatically take the case out of the rule requiring dismissal. In the case before us plaintiff could not delay the operation of the rule in favor of the first defendant by bringing in another defendant at a later date.

III. In the case at bar we have an anomalous situation. On motion of defendant Suchomel the court dismissed the case as against said defendant. The motion was filed and sustained while the case was on the active trial assignment, assigned for trial on a date certain, and the date for trial had not yet arrived.

Rule 215.1 is designed, worded and interpreted to discourage dilatory tactics. Its declared policy is to require reasonable diligence. Its purpose is to clear our court dockets of deadwood and trial assignments of stale cases acting as barnacles to good procedure. We have repeatedly held that the operation of the rule is mandatory and have outlined the steps to be followed if dismissal is to be avoided.

In the first Windus case, supra, it was held that rule 215.1 is positive, definite and mandatory and that the operation of the rule is not discretionary with the trial court. The rule provides for alternative procedure, assignment and trial or dismissal. A continuance after dismissal is without jurisdiction. To avoid a mandatory dismissal under the rule there must be an application setting forth the reasons, notice, hearing, finding, and order

for continuance *before the entry of the dismissal*. (Emphasis added.) In the Windus case the reinstatement was after the dismissal.

The second Windus case, 255 Iowa 587, 122 N.W.2d 901, involved the authority of the court to reinstate under other rules.

In Talbot v. Talbot, supra, it was held that the court could not retain jurisdiction merely by deleting the case from the assignment when it was done without application, notice to defendant, and without an enrolled order. Loc. cit. 341 of 255 Iowa.

When time passed without compliance with the requirements of the rule the court was without jurisdiction to do anything but dismiss the case.

In Gammel v. Perry, 256 Iowa 1129, 130 N.W.2d 550, it was held that a motion for continuance must be on file prior to the expiration of the trial or dismissal term and that subsequent thereto the only power or jurisdiction the trial court had was to dismiss the case without prejudice.

In McKinney v. Hirstine, 257 Iowa 395, 131 N.W.2d 823, at the trial or dismissal term the case was continued to a term certain and we held that at the expiration of the term to which the case had been specifically continued the court was without jurisdiction to do anything but dismiss the case. Citing Gammel v. Perry, supra.

We have never said that a case should be dismissed for lack of prosecution while on the active trial assignment, assigned for trial on a date certain and before the arrival of the trial date. Such a ruling would be arbitrary and beyond the realm of sound discretion.

■ ■ IV. The difficult problem is whether the court on April 5, 1965, had authority to assign the case for trial.

April 5 was the first day of the April Term. The January Term expired with the convening of the April Term. The case had been continued to the January Term. Plaintiff had filed two Certificates of Readiness and had asked for trial. The case was at issue. Plaintiff's counsel had done everything he could do except ask for continuance and continuance was not what he wanted. He wanted a trial. We can only conclude that the case

was not tried during the January Term because it was not reached in its regular order. Rule 215.1 was never intended nor does it require dismissal of cases that are at issue, ready for trial and while plaintiff is affirmatively asking for trial.

From an abundance of caution in the light of our previous pronouncements plaintiff's counsel, as the January Term neared its adjournment date, might well have obtained an enrolled order assigning the case to a definite date. He had, however, repeatedly indicated readiness for trial.

The trial court obviously recognized the true situation. Immediately upon the automatic adjournment of the January Term by the convening of the April Term the court assigned the case for trial on June 21, 1965. We find nothing in the record indicating that there was any timely objection to such assignment. Error in the court's April 5 assignment is not urged by appellee in support of the court's final order of dismissal.

Under the circumstances disclosed in this case we cannot say that there was sufficient error in the assignment on April 5 to support a subsequent erroneous dismissal.

V. Other matters argued by counsel need not be discussed.

We find no error in the order of the trial court overruling defendant Reynolds' motion to dismiss.

For the reasons stated in Division III, supra, the order of dismissal as to defendant Suchomel must be reversed.

On the appeal of defendant Reynolds the case is affirmed.

On the appeal of plaintiff the case is reversed.

The case is remanded to the district court for assignment and trial.—Reversed on plaintiff's appeal, affirmed on appeal of defendant Reynolds, and remanded for assignment and trial.

GARFIELD, C. J., and STUART, MASON and BECKER, JJ., concur.

MOORE, LARSON, THORNTON and RAWLINGS, JJ., dissent.

MOORE, J.—I dissent as I am unable to agree with Divisions III and IV of the majority opinion. The trial court's order dismissing plaintiff's case against defendant Suchomel under rule 215.1 should be affirmed.

In Talbot v. Talbot, 255 Iowa 337, 122 N.W.2d 456, the clerk gave notice as required by rule 215.1 and the case was assigned for trial during the October Term but was not tried. We reversed the trial court's denial of defendant's motion made after the end of the October Term. At page 341, 255 Iowa, page 459, 122 N.W.2d, we say:

"Thus the case was still for trial when the term ended November 18, 1962, and became subject to dismissal under the rule when the following term commenced.

"As provided in rule 215.1, unless a cause noted for trial by the clerk is tried or continued, it must be dismissed at the next term of said court and the trial court has no discretion in the matter. Windus v. Great Plains Gas, supra, 254 Iowa 114, 123, 116 N.W.2d 410, 415."

The case against Suchomel was not tried or continued during the January Term and therefore the court had no discretion in the matter and properly dismissed it.

In Gammel v. Perry, 256 Iowa 1129, 130 N.W.2d 550, we affirm dismissal of plaintiff's case under rule 215.1 when plaintiff believed the case had been removed from the assignment by the trial court.

At page 1133, 256 Iowa, page 552, 130 N.W.2d, we say: "From the second Windus case, supra, at pages 592, 593 of 255 Iowa, page 904 of 122 N.W.2d, and the rule itself, the alternatives are 1, assigned and tried, 2, dismissal without prejudice and 3, continued upon showing of satisfactory reasons for want of prosecution or grounds for continuance by application and ruling thereon after notice and not ex parte."

Filing a certificate of readiness or even assignment of the case for trial does not relieve a plaintiff of the requirement for an application for a continuance.

Plaintiff's case against Suchomel was not tried, voluntarily dismissed or continued on plaintiff's motion. Assigning the case for trial after the expiration of the term does not comply with the rule stated in Gammel v. Perry, supra.

The facts in McKinney v. Hirstine, 257 Iowa 395, 131 N.W. 2d 823, are on all fours with those in the case at bar. There the case was noted for trial under rule 215.1, continued on proper

motion to January 1964 Term and not tried or continued during that term. We reversed the trial court for refusing to dismiss plaintiff's case after the expiration of the January Term. At page 399 of 257 Iowa, page 826 of 131 N.W.2d, we say:

"The operation of rule 215.1 is mandatory and automatic. That is, after the 'try or dismiss' term, as extended by the continuance had expired, the defendants were entitled to a judgment of dismissal without prejudice as a matter of right. The court had no discretion as to dismissing or not dismissing. Talbot v. Talbot, 255 Iowa 337, 341, 122 N.W.2d 456, 459. The rule is clearly stated in Gammel v. Perry, 256 Iowa 1129, 1134, 130 N.W.2d 550, 553. The court was in error in denying defendants' motions. They should have been granted, and the cause is reversed and remanded for that purpose."

Under our well established rules as stated in the above cited cases the trial court's ruling should be affirmed. Assignment of the case during the April Term did not revive plaintiff's case against Suchomel.

I would affirm.

LARSON, THORNTON and RAWLINGS, JJ., join in this dissent.