Owen C. Baty and Esther P. Baty, appellees, v. City of West Des Moines et al., appellants.

No. 52216.

DECEMBER 13, 1966.

Jack W. Rogers, of Des Moines, for appellant City of West Des Moines, Iowa.

Beving & Swanson, of Des Moines, for appellees.

LARSON, J.—This permitted interlocutory appeal involves the interpretation of rule 215.1, Rules of Civil Procedure. We

have previously interpreted the rule in Kutrules v. Suchomel, 258 Iowa 1206, 141 N.W.2d 593; McKinney v. Hirstine, 257 Iowa 395, 131 N.W.2d 823; Fischer v. Hauber, 257 Iowa 793, 134 N.W.2d 918; Seela v. Haye, 256 Iowa 606, 128 N.W.2d 279; Talbot v. Talbot, 255 Iowa 337, 122 N.W.2d 456; Gammel v. Perry, 256 Iowa 1129, 130 N.W.2d 550; and Windus v. Great Plains Gas, 254 Iowa 114, 116 N.W.2d 410.

Here we have an appeal from an order of the district court granting appellees' application for reinstatement under rule 215.1 as amended by chapter 487, Laws of the Sixty-first General Assembly, (S. F. 355) effective July 4, 1965, which order set aside a previous court order dismissing appellees' cause of action without prejudice, when they permitted the time for trial of their cause, properly continued to the November 1963 term, to pass without seeking or obtaining any court assignment or order of continuance until after several succeeding terms had passed.

The facts are not in serious dispute. A timely appeal from the award of a sheriff's jury was filed by plaintiffs on June 15, 1962, claiming damages for right-of-way for the construction of a sanitary sewer in West Des Moines. The city, which we shall refer to as the defendant, filed its answer on September 13, 1962. On August 14, 1963, the clerk of the district court sent "try or dismiss" notices to the then attorneys of record as required by rule 215.1. The case was not tried during the September term, but a stipulation of continuance was timely approved by the court continuing the matter until the November 1963 term of court, and it was assigned for trial the week commencing December 16, 1963. However, the case was not tried during that week and no stipulation or enrolled order was entered therein until the 30th of October, 1964. It appears there were discussions between counsel concerning possible settlement of the case or a pretrial conference during the latter part of December 1963 and a report of this conference was made to the presiding judge. He suggested that counsel arrange a conference right after the first of January. But the case was not reassigned and no stipulation or court order was obtained continuing the case to the January term. On or about January

17, 1964, it appears the attorneys met with the judge to discuss various law points involved in the case, but plaintiffs did not file any certificate of readiness or press for immediate trial. There was no specific assignment of the case for trial until the September 1964 term when, pursuant to a second clerk's notice, it was placed in the assignment.

Thereafter, on plaintiffs' application for a continuance under rule 215.1 until the November 1964 term, the court approved but reserved all the rights of the parties therein "without prejudice to either party."

On like applications and orders this matter was further continued to the January 1965 term, the March 1965 term and the May 1965 term.

In the meantime, on August 15, 1964, the second notice pursuant to rule 215.1 was mailed to the attorneys of record in this cause. On September 4, 1964, pursuant to rule 66, R. C. P., defendant filed a special appearance for the "sole purpose of challenging the jurisdiction" of the court to consider the subject matter of the suit, contending that in accordance with rule 215.1, R. C. P., the cause should have been dismissed after the convening of the January 1964 term. Plaintiffs' resistance filed September 11, 1964, stated inter alia that plaintiffs' attorney had advised defendant's attorney in May 1964 that plaintiffs would be ready for trial during the September 1964 term, that counsel agreed or had not objected thereto, that the case was placed in the jury assignment for September, and that since that time they have been ready for trial. They asked, because of the "unusual circumstances" reflected by the record, that the special appearance be overruled. After considerable delay, the trial court on July 29, 1965, without passing upon the special appearance issue, entered an order finding there were no orders properly continuing this case, and dismissed it without prejudice at plaintiffs' costs.

On August 5, 1965, the plaintiffs filed an application for reinstatement pursuant to the amendment of rule 215.1 by the Sixty-first General Assembly setting out an affidavit of the former counsel for the plaintiffs now residing in another state, and predicating their request on the claim that the failure to

obtain a court order for a continuance between January 1964 and October 1964 was an oversight or mistake on the part of prior counsel, who desired to have the case tried at the court's convenience.

Resistance on behalf of the defendant was filed on August 11, 1965, alleging that the rule in effect in January 1964 and the succeeding months called for a mandatory dismissal.

On August 20, 1965, the defendant City of West Des Moines amended its resistance to plaintiffs' application for reinstatement calling the court's attention to the fact that more than six months had passed since the end of the November 1963 term and that the provisions of chapter 487, Acts of the Sixty-first General Assembly, were not applicable to the facts of this case.

Upon proper applications thereafter, court orders were obtained to continue the matter through the November 1965 term, the January 1966 term and the March 1966 term, without prejudice to any rights of the parties signing the stipulation for continuance.

On March 11, 1966, the trial court found there had been a proper showing by plaintiffs to entitle them under rule 215.1 as amended to reinstatement of their case, and set aside the dismissal entered on July 29, 1965. The City of West Des Moines appealed.

I. The Sixty-first General Assembly, in chapter 487, amended rule 215.1, R. C. P., by merely adding: "The trial court may, in its discretion, and shall upon a showing that such dismissal was the result of oversight, mistake or other reasonable cause, reinstate the action or actions so dismissed. *Application for such reinstatement, setting forth the grounds therefor, shall be filed within six months from the date of dismissal.*" (Emphasis supplied.)

It is obvious the legislature, presumed to know the construction placed upon this rule by the court, was satisfied with that construction, except it desired that a way be provided for a reinstatement of the dismissed action when, by application timely filed, a good and sufficient cause was shown. It further provided the time limit in which the aggrieved party could act, thus maintaining the object and purpose of the rule, i.e., to discourage

dilatory tactics and require "reasonable diligence" to see that court actions are brought to trial promptly and to clear court dockets of old or stale cases that were being kept alive for other reasons than immediate trial. In effect, then, the legislature approved our prior interpretation that, without a proper continuance, the dismissal of a cause noted for trial or dismissal was "mandatory and automatic." See McKinney v. Hirstine, supra, 257 Iowa 395, 399, at page 826 of 131 N.W.2d.

██ Appellant contends that this cause had been terminated in January 1964, or at least at the commencement of the March 1964 term, that this was over a year before the 215.1 amendment became effective, and that the court erred in finding the amendment applied to it. We agree. Plaintiffs' application for reinstatement was made on August 5, 1965, and unless it be held that such a cause is not dismissed until there is an entry of a formal court order dismissing it, the application was not timely. We cannot so hold. Neither the failure of the clerk to delete the case from the docket nor the delay of the court in entering a dismissal order can add to plaintiffs' rights.

██ II. We have consistently held it is the duty of the party desiring the court to retain jurisdiction of his matter at the end of the "try or dismiss" term, to file a timely application and secure a court order continuing the case to a future term or date. We said in Windus v. Great Plains Gas, 255 Iowa 587, 595, 122 N.W.2d 901, "the negligence of an attorney is chargeable to his client," and pointed out on page 597 that if the case is not listed for trial, "reasonable care dictates the filing of an application for continuance." In McKinney v. Hirstine, supra, 257 Iowa 395, 398, 131 N.W.2d 823, 825, we said: "That there are undecided motions, or applications, or even that the case is not at issue, may well be persuasive grounds for a continuance; but if none is asked and granted, the rule [215.1] is mandatory." In Kutrules v. Suchomel, supra, 258 Iowa 1206, 1213, 141 N.W. 2d 593, 597, upon which appellees rely, it is said: "When time passed without compliance with the requirements of the rule the court was without jurisdiction to do anything but dismiss the case." Also see Talbot v. Talbot, and Gammel v. Perry, both supra.

 It would thus appear the entry of a dismissal, whether it be by court order or by the clerk deleting the case from the docket, the time of dismissal referred to in this rule is the time when the plaintiff fails to comply with the requirements of the rule. Nowhere in the rule is there any duty placed upon defendant to move the court for an order of dismissal, nor are there any provisions for a hearing and ruling on such a motion. A requirement of that kind would all but annihilate the rule and make defendant's rights depend on that unauthorized procedure. It would result in placing the burden on the party not at fault. We are satisfied the dismissal is effective when the concerned party fails to do the things necessary to obtain a continuance or preserve the court's jurisdiction, and not when the formal order of dismissal, if any, is made.

█ III. This brings us to an apparently overlooked matter of some importance. On September 4, 1964, defendant, pursuant to rule 66, R. C. P., filed a special appearance for the *sole purpose* of challenging the jurisdiction of the court to consider further the subject matter of the suit and of the defendant. This matter apparently was never ruled upon by the court, unless it be considered that by dismissing plaintiffs' action on the 29th of July, 1965, it was an overruling of the same, which we seriously doubt. The court's jurisdiction, unless preserved under the rule, had expired.

In any event, if the dismissal was granted for the reason that "There were no orders continuing this case to the January 1964 term, nor to the March 1964 term, nor the May 1964 term, nor to the September 1964 term, nor to the November 1964 term", as the court found, then the court had no power or jurisdiction to do more than dismiss the case without prejudice at plaintiffs' costs. Gammel v. Perry, supra, and citations. We think the special appearance should have been sustained promptly after plaintiffs' resistance was filed on September 11, 1964. If this had been done, the cause could not be reinstated, for that date was much more than six months prior to the 215.1 amendment in 1965.

IV. We come now to the question of whether the situation and circumstances revealed were sufficient to sustain a finding

that plaintiffs did not violate the requirements of rule 215.1 of the 1962 Code. As indicated, appellees rely heavily upon the recent decision of Kutrules v. Suchomel, supra, 258 Iowa 1206, 141 N.W.2d 593, and attempt to show they come under its pronouncements. Although it may appear that this pronouncement was a departure from the strict, if not severe, interpretations of the rule in the past, it may be argued that it did no more than recognize there might be situations where, through no fault of plaintiff, the cause cannot be tried before the term ends to which it was specifically assigned and where the court, cognizant of plaintiff's pressing demand for immediate trial, might retain jurisdiction of the matter by renewing the assignment in the following term without violating either the spirit or the letter of the rule.

Rule 215.1, as we have indicated, is a more or less arbitrary rule, and necessarily so. If there is any delay in the trial of a cause beyond the term to which it is cited for trial or dismissal by the clerk's notice, or from a date or term to which it is properly continued attributable to plaintiff, it must be deleted from the calendar and dismissed without prejudice unless the delay is pursuant to a stipulation by the parties or a hearing, after due notice, and a court order continuing the case to a future term or date certain is obtained *prior* to the termination of that term.

In the Kutrules case, as here, the contention was made that this rule pertains only to a further delay or continuance attributable to the plaintiffs, and that the strict adherence to the letter of the rule would under these circumstances violate the spirit of the rule, and that such was not the rule's intendment. Thus, it is argued that the delay here in no way was attributable to plaintiffs and that the dismissal was not automatic or mandatory.

It may be true, when it appears that due to a crowded docket an assigned case is not reached, the court, in compliance with the demand and insistence of the plaintiff, can retain jurisdiction and entertain the cause by immediately placing it on the trial assignment in the succeeding term. This was the rationale of the Kutrules case. It does not conflict with the spirit of rule 215.1 to compel prompt disposition of cases over a year old, but

is defensive in nature. It requires a showing by plaintiff in order to avoid the automatic dismissal rule. Obviously, such a manner of jurisdictional retention was the thinking back of the enactment of the 1965 amendment to rule 215.1, and it becomes plaintiff's burden to show his action to retain jurisdiction and immediate trial status was pursued. The majority thought this was true in Kutrules. Was that done here? We think not.

In the Kutrules case the trial court on motion dismissed the case against defendant Suchomel. The case was then on the active trial assignment, assigned for trial on a date certain, and it appeared that date had not yet arrived. To dismiss a case under these circumstances for lack of prosecution, the court majority said, would be "arbitrary and beyond the realm of sound discretion." That case had been properly continued to the January term and plaintiff, demanding immediate trial, had filed two certificates of readiness. As pointed out therein, the case was at issue and plaintiff's attorney had done everything he could do except ask for a continuance, and that he did not want. He wanted a trial in the January term, but apparently could not get it "because it was not reached in its regular order." At the expiration of the January term and the convening of the April term on April 5, the court, recognizing plaintiff's dilemma, reassigned the case for trial and designated June 21, 1965, as that date. While it was conceded that, as the January term neared an end and it appeared his case would not be reached, he perhaps should have obtained an order continuing the matter to the April term, the court felt failure to do so under those circumstances did not require a dismissal. Under that record this court held no delay could be attributed to plaintiff by assent or otherwise. Under those circumstances we were satisfied plaintiff disclosed ample grounds for relief.

Rule 215.1 was intended to be a shield, not a sword. It was not designed as a technicality to trap a diligent party and prevent him from having a day in court.

Granting the recognized exception to the automatic dismissal rule was proper in Kutrules, we cannot agree with appellees that this situation justifies such a determination. Here the trial date of December 16, 1963, passed, and, instead of

demanding immediate trial in the January term, further settlement conferences were conducted between the parties and other considerations arose, such as the sale of the real estate and the levying of a sewer assessment against the property by the city, which gave rise to a further possibility of a compromise of the parties' differences. Even after the January 1964 term commenced, a proposal was discussed with the court to have a disinterested appraiser appointed by the court. In any event, this matter was not reassigned during the next three terms of court. No certificate of readiness was filed and, in fact, no effort was made to get the case to trial until after present counsel took over for plaintiffs in May 1964 and a new notice from the clerk to "try or dismiss" had been sent to the parties in August 1964. Then for the first time since September 6, 1963, plaintiffs' counsel had the case placed in a jury assignment and indicated to the court he was ready for trial.

In the meantime defendant had also changed counsel and negotiations between the parties ceased. When defendant's present counsel received the 1964 "try or dismiss" notice, he promptly filed his special appearance on September 4, 1964.

Appellees contend that in the negotiations conducted with appellant's former counsel it was agreed that this case should be assigned and tried in the September 1964 term. While such understandings between counsel might well be considered as grounds for reinstatement after the 1965 amendment to rule 215.1, we have specifically held such agreements of the attorneys, without court approval in advance of the ending of the term, will not save the case from dismissal. Talbot v. Talbot, supra. The rule itself states: "No continuance under this rule shall be by stipulation of parties alone but must be by order of court." It must be concluded that, since this case was not assigned for trial at the January, March or May terms, plaintiffs were not then ready for trial. There was no demand that this case be tried before the commencement of the September 1964 term. That was far too late.

We realize that this rule sometimes works hardships on litigants and, when possible without doing violence to the

rule, we should permit a case to remain on the docket. However, as pointed out in Fischer v. Hauber, supra, 257 Iowa 793, 795, 134 N.W.2d 918, 919, if we do not require a strict adherence to the rule, a gradual whittling away will finally result in a situation where there will be no rule left.

It is our conclusion, then, that appellees did not show any substantial basis for relaxing the rule as to them and that this cause should have been eliminated from the docket at the commencement of the January 1964 term, that the court erred in not sustaining defendant's special appearance, and that the actual dismissal was far beyond the six months permitted for filing an application for reinstatement and should have been denied. In so deciding, we are not to be understood as holding the grounds for reinstatement alleged were not sufficient, only that the application was not timely.—Reversed.

GARFIELD, C. J., and SNELL, MOORE and RAWLINGS, JJ., concur.

MASON and BECKER, JJ., dissent.

STUART, J., takes no part.

THORNTON, J., not sitting.