Irene PSOTKA, Appellee,

v.

Roger BROCKNEY, Appellant.

No. 59215.

Supreme Court of Iowa.

Dec. 21, 1977.

Warren L. DeVries, Mason City, for appellant.

Pappas, McGuire & Folkers, P. C., Mason City, and G. W. Templeton, Garner, for appellee.

Heard before MOORE, C. J., and MASON, RAWLINGS, REYNOLDSON and HARRIS, JJ.

HARRIS, Justice.

More than six months after this suit had been dismissed under rule 215.1, Rules of Civil Procedure, the trial court ordered its reinstatement. We reverse.

On January 12, 1971 plaintiff brought this tort action claiming defendant's negligence caused an automobile accident. Defendant answered and filed a counterclaim. Issues were joined before November 9, 1971 when defendant moved for a continuance because he had entered the armed forces.

By August of 1974 the case was subject to a "try or dismiss" notice under rule 215.1, R.C.P. Rule 215.1 requires court clerks to notify the parties prior to each August 15 of any actions which had been on file more than one year the previous July 15. The rule then provides in part: " * * * All such cases shall be assigned and tried or dismissed without prejudice at plaintiff's costs unless satisfactory reasons for want of prosecution or grounds for continuance be shown by application and ruling thereon after notice and not ex parte. * * *."

The parties were notified accordingly. In response to this notification defendant's counsel moved for a continuance on the ground defendant remained in the armed forces and was unable to attend trial. This motion was sustained, and on December 31, 1974 the trial court ordered the cause continued until July 1, 1975.

On July 3, 1975, the cause not having been tried, the trial court dismissed this action. Nothing further was filed until January 20, 1976 when plaintiff applied to have the cause reinstated. On January 30, 1976 defendant, by special appearance, alleged the court no longer had jurisdiction, power, or authority to reinstate the action. On the same date the trial court ordered the case reinstated. From the order of reinstatement defendant, with permission, has brought this interlocutory appeal.

I. The question calls for an interpretation of the last paragraph of rule 215.1 which provides:

"The trial court may, in its discretion, and shall upon a showing that such dismissal was the result of oversight, mistake or other reasonable cause, reinstate the action or · actions so dismissed. Application for such reinstatement, setting forth the grounds therefor, shall be filed within six months from the date of dismissal."

In a number of cases we have discussed the principles governing reinstatement of cases dismissed under rule 215.1. See *Wharff v. Iowa Methodist Hospital*, 219 N.W.2d 18, 21–23 (Iowa 1974) and authorities. In *Wharff* we explained that upon a sufficient showing that the dismissal was the result of oversight, mistake, or other reasonable grounds, reinstatement is mandatory *upon a timely application therefor.* In *Wharff* we found the party seeking reinstatement had not sufficiently shown the dismissal was the result of such oversight, mistake, or other reasonable grounds. Hence we found that action should not be reinstated.

The trial court in the instant case found sufficient grounds but overlooked the fact the application for reinstatement was not timely. This application for reinstatement came more than six months after dismissal.

We note there was no irregularity or fraud in the dismissal of the instant case. Plaintiff had effective and ample notice and for a time moved effectively to keep the case from being dismissed. But plaintiff thereafter allowed the case to be dismissed and then failed to apply for reinstatement for more than six months. Under these circumstances the trial court lost authority to consider this application for reinstatement. This review is supported by our holding in *Baty v. City of West Des Moines*, 259 Iowa 1017, 1023, 147 N.W.2d 204, 208 (1966). What we said in *Baty* need not be repeated.

Defendant's special appearance should have been sustained.

REVERSED.