August WERKMEISTER and Lorretta Werkmeister, Emma J. Kessler and Elmer J. Kessler, Appellees,

v.

Michael J. KRONEBERGER, Kirsch, Chandler, Feeney and Company, Inc., Appellants.

No. 59823.

Supreme Court of Iowa.

Feb. 22, 1978.

Rehearing Denied March 16, 1978.

Klauer, Stapleton & Ernst, Dubuque, for appellants.

Wunschel Law Firm, P. C., Carroll, for appellees.

Considered by MOORE, C. J., and RAWLINGS, LeGRAND, UHLENHOPP, and HARRIS, JJ.

LeGRAND, Justice.

This action alleges fraud and misrepresentation by defendants in inducing plaintiffs to invest in a series of worthless notes and mortgages. The trial court entered judgment for plaintiffs in the aggregate amount of $44,560.00. We do not reach the merits of this controversy because we decide the district court was without authority to entertain the suit following dismissal of the case under Rule 215.1, Rules of Civil Procedure.

Plaintiffs' petition was filed on May 23, 1974. The matter was still pending a year later, and on August 7, 1975, the district court clerk notified counsel of record the case was subject to be stricken on January 1, 1976, unless either tried or continued by order of court before that date.

It was neither tried nor was any application filed asking that it be continued. Under our prior decisions, the case was therefore automatically dismissed on January 1, 1976. The fact the clerk failed to delete the case from the docket or that the court did not enter an order of dismissal does not save the action. *Baty v. City of West Des Moines*, 259 Iowa 1017, 1023, 147 N.W.2d 204, 208 (1966). *See also Kutrules v. Suchomel*, 258 Iowa 1206, 1212, 141 N.W.2d 593, 597 (1966).

The trial court was without authority to try this case unless it was properly reinstated according to Rule 215.1, which provides in part:

"The trial court may, in its discretion, and shall upon a showing that such dismissal was the result of oversight, mistake or other reasonable cause, reinstate the action or actions so dismissed. *Application for such reinstatement, setting forth the grounds therefor, shall be filed within six months from the date of dismissal.*" (Emphasis supplied.)

We accord considerable discretion to trial courts in reinstating stricken cases. *Rath v. Sholty*, 199 N.W.2d 333, 336 (Iowa 1972). We also recognize that reinstatement is mandatory upon a showing of oversight, mistake or other reasonable cause. *Wharff v. Iowa Methodist Hospital*, 219 N.W.2d 18, 21 (Iowa 1974).

Once a case is stricken, however, it may be reinstated under either the discretionary or mandatory provisions of the rule only upon timely application and proper showing of cause by the party seeking to restore it to the active list.

We recently so held in *Psotka v. Brockney*, 260 N.W.2d 413, 414 (Iowa 1977), where we said the trial court erred in reinstating a case, even if good cause was shown, when the application was not made within six months.

 That decision is controlling here. In *Psotka*, the application was late. In the present case none was ever filed. Under such circumstances we hold the trial court was without authority after the case was stricken on January 1, 1976. We reverse the judgment and remand the cause for entry of a judgment dismissing plaintiffs' petition.

REVERSED AND REMANDED.