Marian BROWN, Cecelia Franklin, and Dr. Anthony Brown, Plaintiffs,

v.

The IOWA DISTRICT COURT FOR POLK COUNTY, Defendant.

No. 61111.

Supreme Court of Iowa.

Dec. 20, 1978.

Robert G. Riley, of Duncan, Jones, Riley & Finley, Des Moines, for plaintiffs.

Michael E. Runyon, Des Moines, for defendant.

LeGRAND, Justice.

This is a certiorari action brought with our permission to test an order of the Honorable Gibson C. Holliday reinstating a case which had been previously dismissed under the provisions of Rule 215.1, Rules of Civil Procedure. We sustain the writ and reinstate the order of dismissal.

This matter had its inception when Knapp Real Estate Sales, Inc. filed a breach-of-contract action against Marian Brown, Cecelia Franklin, and Dr. Anthony Brown, who are the plaintiffs in this certiorari action. On August 8, 1975, when the case had been pending almost two years, the clerk of court gave a try-or-dismiss notice as required by rule 215.1, advising the parties the case was subject to dismissal on January 1, 1976, unless sooner tried or continued by order of court. Thereafter the case was continued three separate times by order of court, each time to a designated date. The last date fixed for trial was June 28, 1976. It was not tried then nor was any further continuance requested or granted.

On January 3, 1977, the clerk dismissed the case pursuant to the rule. Nothing further was done until September 9, 1977, when Knapp Real Estate Sales, Inc. filed an application to set aside the dismissal. The motion was granted ex parte. This is the order plaintiffs seek to set aside.

The purpose of rule 215.1 has been commented upon a number of times. It is to clear the docket of dead cases and to assure the timely and diligent prosecution of those cases which should be brought to a conclusion. Its application is perhaps at times harsh, as indeed it must be if it is to accomplish what it is designed to do. *Kutrules v. Suchomel*, 258 Iowa 1206, 1212, 141 N.W.2d 593, 597 (1966); *Talbot v. Talbot*, 255 Iowa 337, 340, 122 N.W.2d 456, 458 (1963).

From our previous decisions interpreting this rule several general principles have evolved. One is that a case may not be continued after a 215.1 notice has been given without an order of court upon application and notice. *Kutrules v. Suchomel*, 258 Iowa at 1212–13, 141 N.W.2d at 597; *Windus v. Great Plains Gas*, 254 Iowa 114, 125, 116 N.W.2d 410, 416 (1962).

When a case is continued, it is not removed from the operation of the rule except that the date of trial is changed. In all other respects the rule remains operative. *McKinney v. Hirstine*, 257 Iowa 395, 398, 131 N.W.2d 823, 825 (1965). If the order continuing the case is not complied with, the case stands dismissed.

Defendant contends the case could not be stricken because on the trial date fixed by the last order of continuance there was pending a motion for summary judgment. We have held to the contrary in a number of cases. The fact that other matters, such as motions, are pending and undisposed of does not operate as an automatic continuance. Even then the obligation to obtain a continuance persists if dismissal is to be avoided. *McKinney v. Hirstine*, 257 Iowa at 398–99, 131 N.W.2d at 825 (undisposed of motions); *Talbot v. Talbot*, 255 Iowa at 339, 122 N.W.2d at 457 (motion for

production of books and records pending); *Windus v. Great Plains Gas*, 254 Iowa at 128–29, 116 N.W. at 418–19 (new parties brought in).

 We have also established that when the time for dismissal arrives, the case is dismissed automatically without formal action by either the court or the clerk. Failure to note the dismissal of record does not save the case. *Werkmeister v. Kroneberger*, 262 N.W.2d 295, 296 (Iowa 1978); *Baty v. City of West Des Moines*, 259 Iowa 1017, 1023–24, 147 N.W.2d 204, 208 (1966); *McKinney v. Hirstine*, 257 Iowa at 399, 131 N.W.2d at 826.

■ Applying these various principles to the factual situation now before us, we conclude this case was dismissed under rule 215.1 when it was not tried on the date fixed (June 28, 1976) and no further continuance was obtained. As already noted, the fact there was no formal order of dismissal until January 3, 1977, makes no difference. That order merely made of record a status which had already existed since June 28, 1976.

Once a case is dismissed under rule 215.1, it can be reinstated only by timely application and order as provided for in the rule itself. Such an application must be filed within six months from the date of dismissal. Otherwise the dismissal is final. *Werkmeister v. Kroneberger*, 262 N.W.2d 295, 296 (Iowa 1978); *Psotka v. Brockney*, 260 N.W.2d 413, 414 (Iowa 1977). The application to reinstate the case was filed on September 9, 1977. This was more than fourteen months after the dismissal date of June 28, 1976. The trial court was then without authority to order the case reinstated.

We mention one other matter. It is claimed the case was improvidently dismissed because no *second* notice was given under the rule on August 15, 1976, as a follow-up to the notice given on August 15, 1975. Under our view· of the case, this argument is clearly without merit. We have held the case was dismissed as of June 28, 1976. There would be no occasion to give notice on August 16, 1976, concerning a case already off the docket.

For the reasons stated, the writ must be sustained. The case is remanded for entry of an order overruling the application to reinstate.

WRIT SUSTAINED; REMANDED FOR ENTRY OF APPROPRIATE ORDER.

All Justices concur except LARSON, J., who takes no part.