JUDITH ELAINE LAFFOON, a minor, by Margaret Wearmouth, her mother and next friend, appellee, v. DENNIS McCOMBS, appellant.

No. 52613.

(Reported in 154 N.W.2d 68)

NOVEMBER 14, 1967.

Brierly, McCall & Girdner, of Newton, for appellant.

Lester C. Johnson, County Attorney, of Newton, for appellee.

SNELL, J.—This is an interlocutory appeal perfected with permission.

Defendant appeals from the overruling of his motion to dismiss filed under rule 215.1, Rules of Civil Procedure.

On December 1, 1964, there was filed in behalf of complainant a petition seeking to establish defendant as the father of a child born to complainant and for other relief. Complainant was represented by the then county attorney.

Defendant appeared and denied the allegations of the petition.

On November 19, 1965, counsel for complainant filed a Certificate of Readiness for Trial and request for assignment for trial.

On August 13, 1966, pursuant to rule 215.1, Rules of Civil Procedure, the clerk gave the "try or dismiss" notice.

Trial to a jury began on October 24, 1966.

On October 25, 1966, the following Calendar Entry was made by the presiding judge:

"At 10:05 p.m., it is made to appear to Court that jury cannot agree. Whereupon jury is discharged and the case continued over the term."

On October 26, 1966, the following Calendar Entry was made by the then presiding judge:

"Complainant granted leave to file a substituted Petition."

On November 23, 1966, an amended and substituted petition was filed.

The November Term of Court began on November 28, 1966. At that time defendant had not answered the amended and substituted petition. The issues to be tried under the amended and substituted petition had not been joined and the case was not at issue. Answer was filed December 7, 1966. The case was not tried at the November Term ending January 21, 1967.

On January 3, 1967, complainant's present counsel assumed the office of county attorney and as counsel for complainant.

The January 1967 Term of Court began January 23, at which time defendant filed a motion to dismiss alleging that the case was not tried at the November 1966 Term as contemplated by rule 215.1.

The motion to dismiss was overruled and this appeal challenges that ruling.

I. Defendant argues with vigor that the proceedings during the September 1966 Term (October was a part thereof) did not constitute a trial and that when the jury failed to agree on a verdict defendant was entitled to dismissal. We do not agree. Rule 215.1 contemplates the prompt disposition of cases and dismissal of stale matters receiving no attention. It does not require dismissal just because a jury has failed to agree or because the matter has not been finally determined.

Rule 200, Rules of Civil Procedure, provides:

"The court may discharge a jury * * * if they have deliberated until it satisfactorily appears that they cannot agree. The case shall then be *retried* immediately *or at a future time, as the court directs.*" (Emphasis added.)

This rule recognizes a judicial examination before a judge and a jury as a trial and specifically directs retrial at such time as the court may direct. In this case the court by calendar entry continued the case over the term. This complied with rule 200 and defendant was not entitled to a dismissal under rule 215.1.

II. Under rule 85(d), Rules of Civil Procedure, an amended and substituted petition having been filed, defendant had seven days within which to answer. This time had not expired when the November 1966 Term began. When the trial assignment for that term was made neither party was in position to demand a trial date. Complainant had filed her amended and substituted petition pursuant to leave of court. Defendant had not answered but was not in default. The case was under the court's order for continuance and was not ready for trial assignment.

Keeping in mind that the court had by order under rule 200 continued the case we cannot say that under the circumstances disclosed here defendant was entitled to dismissal.

As we said in the second Windus case, 255 Iowa 587, 597, 122 N.W.2d 901, the fact that the case is not at issue on all matters does not necessarily prevent operation of rule 215.1, but here the case was under a proper order for continuance.

Assuming, arguendo, that after the case was at issue on December 7, 1966, the court might on his own motion and if requested by either party should have fixed a trial date, until something was done by someone, the case was subject to rule 200 and not rule 215.1. Rule 200 provides for retrial "as the court directs." The court had previously continued the case but neither the trial term nor a trial date had been directed.

In McKinney v. Hirstine, 257 Iowa 395, 131 N.W.2d 823, "the case was continued, by proper proceedings and order of the court, to the November, 1963 term." The case was not tried at the November Term. We held that after the "try or dismiss" term as extended by the continuance had expired operation of rule 215.1 was mandatory and automatic and defendants were entitled to dismissal.

In the case now before us the continuance was not to a specific term. Dismissal was. not mandatory and automatic. Under rule 200 the case was to be retried "* * * at a future time, as the court directs." There was no failure to try as the court might direct.

In Gammel v. Perry, 256 Iowa 1129, 130 N.W.2d 550, we referred to the second Windus case, supra, and said the alternatives under the rule are (1) assignment and trial, (2) dismissal without prejudice, and (3) continuance, for satisfactory reasons, by application and ruling after notice and not ex parte.

In the case at bar the continuance was necessary after a "hung jury" and was ordered because rule 200 so provides.

In Anderson v. National By-Products, Inc., 257 Iowa 921, 135 N.W.2d 602, an application for continuance was filed during the "try or dismiss" term and was ordered submitted on the second day of the succeeding term. We said:

"We are of the opinion the court was not compelled to enter its order for continuance at the dismissal term and that since the motion for continuance was filed, ordered set for hearing and notice of the hearing given, all during the dismissal term, the court retained jurisdiction to hear and rule on the motion for continuance on the second day of the succeeding term.

"It may be physically impossible for a busy trial judge to hear and finally dispose of all pending matters before the close

of a term. It' would seem he should, and we think he does, have inherent power to defer hearing and finally disposing of some matters at least until the second day of the immediately succeeding term. We are not disposed to hold under the circumstances shown here that the power of the court to continue the case and to decline to dismiss it under rule 215.1 must be exercised at the dismissal term." (Loc. cit. 923)

In the case at bar the court in ordering a continuance under rule 200 retained jurisdiction and jurisdiction to retry "as the court directs" was not lost.

III. We find no error in the trial court's refusal to dismiss complainant's petition.

The case is affirmed with direction to the trial court to proceed to final disposition of the case.—Affirmed.

All JUSTICES concur.