**DOLEZAL COMMODITIES, INC., Appellee,**

v.

**CITY OF CEDAR RAPIDS AIRPORT COMMISSION, Appellant.**

No. 85–962.

Supreme Court of Iowa.

May 21, 1986.

David F. McGuire, City Atty., Cedar Rapids, for appellant.

Jacqueline Miller, Cedar Rapids, for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McGIVERIN, CARTER, and LAVORATO, JJ.

UHLENHOPP, Justice.

The principal question in this appeal relates to reinstatement and continuance of an action which was dismissed under rule 215.1 of the Iowa rules of civil procedure.

A chronology of events follows. Kenneth F. Dolezal (Dolezal) was the sole director and eighty-percent owner of Dolezal Commodities, Inc. (the corporation), which operated a corncob grinding business on land owned by Dolezal and members of his family. The Cedar Rapids Airport Commission condemned the land. Relocation assistance procedures appear to have been ineffective. The commission shut off electricity to the grinding business, and converted 535 tons of cobs which were on the land. On October 9, 1980, the corporation sued the commission for converting the cobs (and for other relief not involved in the appeal). Thereafter the parties engaged in discovery.

On August 11, 1982, the district court clerk gave the "try or dismiss" notice required by rule 215.1. At that time Dolezal and the corporation were experiencing financial difficulty. Dolezal took bankruptcy on August 19, 1982, and on November 1 following the corporation did likewise. This action appears to have thus been in limbo. On January 1, 1983, the action was dismissed under rule 215.1 (the entry was January 14, 1983).

On March 11, 1983, within six months of the dismissal, the corporation filed an application to reinstate the action. The commission filed a resistance alleging that no ground existed for reinstating the action and that to do so would be contrary to the purpose of rule 215.1. The application was not ruled on at the time. Subsequently the bankruptcy trustee abandoned this action in the two bankruptcy proceedings. Thereafter, on November 9, 1983, the corporation filed another application to reinstate the action, and also asked to substitute Dolezal as the real party in interest. The commission challenged the court's jurisdiction by special appearance.

The district court held a hearing on the March and November applications. On December 28, 1983, the court entered its order. It found that oversight and mistake occurred, sustained the applications, and ordered that the case be tried by December 31, 1984.

Further procedures then occurred in the action, and by preliminary pretrial order the case was set to be tried on December 17, 1984. At that time, however, the case could not be reached by the court, and the court administrator reset trial for February 13, 1985. Additional proceedings occurred and subsequently the case was tried to the court at the appointed time.

The trial court found for Dolezal. In the course of its decision the court correctly held: "The measure of damages in a conversion suit is the fair and reasonable market value of Plaintiff's property at the time and place of the taking. *Ontario Livestock Commission Co. v. Flynn,* [256 Iowa 116,] 126 N.W.2d 362 (Iowa 1964)." The court also held, however: "The Court further finds that Plaintiff has established by the preponderance of the evidence that Plaintiff lost profits of $15.00 per ton on the 535 tons of corn cobs which it owned that were converted by the Defendant, and the total amount of said lost profits were $8,025.00." The court then granted plaintiff judgment for $8025 (plus another item not involved here).

The commission appealed claiming a violation of rule 215.1, and Dolezal cross appealed as to the amount of the damages awarded.

I. *Rule 215.1.* An application to reinstate a dismissed action is permitted by the following amendment to rule 215.1:

The trial court may, in its discretion, and shall upon a showing that such dismissal was the result of oversight, mistake or other reasonable cause, reinstate the action or actions so dismissed. Application for such reinstatement, setting forth the grounds therefor, shall be filed within six months from the date of dismissal.

◼ A. We need not consider the application filed in November 1983 insofar as reinstatement is concerned. The corporation filed its first application to reinstate in March 1983, within six months of dismissal as the rule requires. That application was not ruled on until December, but the rule

does not require that it be both filed and ruled on within six months. In March 1983 the corporation had already taken bankruptcy and a trustee had been appointed, but those events did not prohibit the corporation from prosecuting the action. *Meyer v. Fleming*, 327 U.S. 161, 66 S.Ct. 382, 90 L.Ed. 595 (1946); *Johnson v. Collier*, 222 U.S. 538, 540, 32 S.Ct. 104, 105, 56 L.Ed. 306, 307 (1912) ("If, because of disproportionate expense, or uncertainty as to the result, the trustee neither sues nor intervenes, there is no reason why the bankrupt himself should not continue the litigation.... If the trustee will not sue and the bankrupt cannot sue, it might result in the bankrupt's debtor being discharged of an actual liability."). We do not find that the new bankruptcy act changed the *Meyer* rule. The district court had jurisdiction to hear and sustain the March application.

■ As to the merits of the application to reinstate, the district court did not abuse its discretion in holding that oversight and mistake occurred, in view of the intervention of bankruptcy of both Dolezal and the corporation. The record of the case does not indicate that the corporation and its counsel were sleeping; on the contrary, the file reflects activity in the case, except during the period when activity would understandably be in the bankruptcy arena. We have said regarding rule 215.1:

> Defining "oversight," "mistake" or "other reasonable cause" in a legal sense is more difficult. In this case we need only be concerned with the first of these words. "Oversight" has been defined as "something overlooked;" an "omission or error due to inadvertence." "Inadvertence" in turn is defined as "lack of care or attentiveness." Webster's Third New International Dictionary, Unabridged 1610, 1139 (14th ed. 1966). Oversight is similar to excusable neglect. Negatively, it is *not* gross neglect or willful procrastication as those terms are employed in *Hobbs v. Martin Marietta Company*, 257 Iowa 124, 131 N.W.2d 772 (1964).

. . . . .

> This court has been liberal in affirming determinations of default-voiding mistake, inadvertence, and excusable neglect in rule 236 appeals.... The same policy shall be followed, within the scope of our permissible review, with respect to reinstatement under the rule 215.1 amendment.

*Rath v. Sholty*, 199 N.W.2d 333, 336, 337 (Iowa 1972). To the same effect, *see Wharff v. Iowa Methodist Hospital*, 219 N.W.2d 18 (Iowa 1974). We do not find abuse of discretion in reinstatement of the lawsuit.

B. When the court could not reach the case on December 17, 1984, the court administrator reassigned the trial for February 13, 1985. So far as the record shows, no one objected. Instead, the parties proceeded with the case: plaintiff made nine separate filings in the case, defendant made twelve filings, the court made nine filings, plaintiff, defendant, and the court tried the case on the merits, defendant filed a proposed judgment finding for plaintiff in part, and the court filed judgment for plaintiff.

■ Under the original reinstatement order, the case had to be tried by December 31, 1984. For Dolezal to be in compliance with the letter of rule 215.1, when the court could not try the case on December 17, 1984, Dolezal should have moved the court on notice for an extension of the expiration date beyond December 31, 1984, and should have obtained submission of the motion to the court before December 31, 1984. But the court had taken charge of the management of the case. The court had previously set the trial for December 17, 1984, and when the case could not then be tried, the court through the court administrator had reset the trial for the next available date, February 13, 1985. On the latter date the court did try the case. The commission did not object; Dolezal did not move for an extension of the expiration date beyond December 31, 1984; and the parties and the court went forward as though the proceedings were regular. The question is whether, *under these facts*, we should nullify the

trial and judgment because Dolezal did not move for an extension.

We think not. We have held that where the plaintiff caused a case to be assigned for trial within the try-or-dismiss period and a hung jury resulted, the court had the responsibility to reassign the case. As a result, even though the case was not re-tried until the second term following expiration of the try or dismiss period and no order of extension was obtained, the case was not automatically dismissed. *Laffoon v. McCombs*, 261 Iowa 341, 154 N.W.2d 68 (1967). In the present case where the court, itself and through the court administrator, had charge of the management of the case, a similar result should obtain, in the interest of justice. We hold that Dolezal cannot be deprived of his judgment on this account.

II. *Damages.* Dolezal sought to recover damages for the converted cobs. *See* Restatement (Second) of Torts § 927(1)(a)(1979). He claims that the trial court awarded the profits that would have been made on the cobs, but not the value of the cobs themselves. If Dolezal construes the judgment correctly, error exists, as Dolezal would be entitled to the value of the cobs plus the profit, if any, it would have made on them over and above their value. The commission construes the judgment as including the value of the cobs.

Enough uncertainty exists as to just what the trial court did award that a new finding must be made in accordance with a preponderance of the evidence at the original trial. The trial court is to find on the original record the reasonable value of the cobs at the time and place in question and give Dolezal judgment for that amount. 18 Am.Jur.2d *Conversion* § 105 (1965); 89 C.J.S. *Trover & Conversion* § 163(1955). The court is also to find whether Dolezal established with reasonable certainty that it would have realized a profit on the cobs over and above their reasonable value, and the amount of profit. If Dolezal has established such profit, the court is to give Dolezal judgment for that additional amount.

18 Am.Jur.2d *Conversion* § 119(1965); 89 C.J.S. *Trover and Conversion* § 178(1955).

We return the case to district court for such findings and, if different in amount from the original judgment, for an amendment to the judgment in accordance with the findings.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.