**Louis GREIF, Appellant,**

v.

**K–MART CORPORATION, Appellee.**

No. 86–131.

Supreme Court of Iowa.

April 15, 1987.

Rehearing Denied May 8, 1987.

D. Raymond Walton of Aspelmeier, Fisch, Power, Warner & Engberg, Burlington, for appellant.

Craig A. Levien and Vicki L. Seeck of Betty, Neuman, McMahon, Hellstrom & Bittner, Davenport, for appellee.

HARRIS, Justice.

The question here involves Iowa rule of civil procedure 215.1, our provision for dismissing cases for want of prosecution. Because of its advanced age this case had become subject to dismissal under the rule and plaintiff's counsel had been notified accordingly. He obtained a continuance to a date beyond the automatic dismissal date at which time the case was set for trial. It was however not reached and the issue is whether jurisdiction over the case was thereafter lost. The trial court found jurisdiction had been lost and we agree.

Plaintiff filed his suit on September 20, 1982.[1] He filed a trial certificate June 5, 1984, following discovery, stating the case would be ready for trial June 15, 1984. On July 11, 1984, the district court clerk issued a routine notice required by Iowa rule of civil procedure 215.1, stating the case would be dismissed if not continued or tried before January 1, 1985.

On October 29, 1984, the local court administrator's office issued a notice of trial, scheduling the case for February 26, 1985. A week later the court administrator issued another notice, rescheduling trial for March 12, 1985. The second notice specified: "THIS TRIAL IS A BACKUP BEHIND CRIMINAL TRIALS."

On November 5, 1984, the plaintiff filed a motion for continuance on the ground that, notwithstanding the trial certificate, no prior trial date had been obtained. The motion noted that the case had been set for trial on February 26, 1985. The district court sustained plaintiff's motion, continuing the action "beyond December 31, 1984, for trial on March 12, 1985." The same order directed the local court administrator to schedule a pretrial conference.

On December 4, 1984, the court administrator's trial calendar listed the suit as the first civil "backup" case behind several pending criminal trials. A pretrial conference was held on January 21, 1985. The pretrial conference order stated the trial was scheduled to begin March 12, 1985, but noted:

It is scheduled as a "backup" to previously scheduled criminal jury trials, the parties may inquire of the Assistant Court Administrator as to whether or not the matter will be reached for trial on March 12, 1985.

A number of motions in limine and final pretrial discovery motions were submitted to the trial court before the scheduled trial date. On March 18, 1985, the district court ruled upon several routine defense motions to suppress evidence.

The March 12, 1985 trial date passed without the case being reached because a murder case was being tried on that date. On August 13, 1985, a second rule 215.1 "try or dismiss" notice was issued.

Plaintiff's counsel makes some claim that he was prompted by this second notice to call the administrator and to inquire about reassignment of the case. If he did so, he did nothing to alert the administrator of any urgent need to reset the case because of rule 215.1 and filed no applications. The trial court found, and we agree, that counsel did nothing within six months from March to see that the case was rescheduled for trial, continued, or reinstated under rule 215.1. Instead he relied on the administrator's office to see that trial was rescheduled.

Finally, in late September or early October of 1985, the court administrator's office—on its own initiative—rescheduled the case for trial on December 3, 1985. Once again it was scheduled as a "civil backup" case behind criminal cases.

Six days before the December 3, 1985 trial date, a district judge telephoned plaintiff's counsel and informed him it appeared the case had automatically been dismissed pursuant to Iowa rule of civil procedure 215.1. The judge based that view on our holding in *Brown v. Iowa District Court*,

---

1. It arose from a slip and fall at defendant's store eight months earlier.

272 N.W.2d 457 (Iowa 1978). Accordingly the judge informed the parties that a jury would not be called to try the case on December 3, 1985, because no application for reinstatement had been filed during the six months immediately following its March 12, 1985 dismissal.

On December 2, 1985, the plaintiff filed a "motion to reconsider or, in the alternative, to reinstate" this suit, alleging the trial court's November 21, 1984 continuance did not indicate the case would be dismissed if not tried on or before March 12, 1985. Plaintiff also filed a "motion for continuance" on December 4, 1985.

In a ruling filed December 30, 1985, the trial court denied plaintiff's motion for reconsideration, reinstatement, and continuance, upholding the prior order of dismissal. The trial court's ruling was based largely on plaintiff's failure to seek reinstatement or continuance within six months after March 12, 1985. The trial court held it was without authority to order the case reinstated.

Upon appeal the case was assigned to the court of appeals, which reversed the trial court decision on a divided vote.

I. Rule 215.1[2] is our attempt to compel dispatch in the processing of disputes through the courts. The goal is to require as speedy a disposition as is consistent with the sober consideration which justice demands.

Rule 215.1 addresses a clear public need. No one disputes that protracted delay in case processing is antithetical to the interests of justice. The longer the delay, the more memories fade, and the more likely it becomes that the resolution of the dispute will be unsatisfactory. More than that, a long-delayed result, even if correct, is of less benefit than it should be to the prevailing party, and it does more harm than would be necessary to the losing party. Our commitment to rule 215.1 is a strong one.

In wrestling with any rule 215.1 dispute we contend with the tensions which inevitably arise between two valid and vital public policies. On the one hand justice to the parties favors resolution of controversies on their merits. Long experience, on the other hand, has taught the courts that the public interest is well served by a try-or-dismiss rule. If they teach us anything, the lessons of the past make it clear that the public suffers more from cases growing stale and dying of old age than it does from the occasional loss of a suit under a rule designed to press disputes along toward resolution.

As rules go, rule 215.1 is of rather recent vintage. First adopted in 1961, it is grounded on a number of clear but hard-learned premises. Dismissal has been the only effective antidote for the tendencies which allow cases to become stale. Dismissal, when called for, must be automatic; the impetus to move cases would be lost if dismissals were selected on a case-by-case basis.

In *Brown v. Iowa District Court*, 272 N.W.2d 457 (Iowa 1978), a breach of con-

---

**2.** Rule 215.1 provides:

It is the declared policy that in the exercise of reasonable diligence every civil and special action, except under unusual circumstances, shall be brought to issue and tried within one year from the date it is filed and docketed and in most instances within a shorter time.

All cases at law or in equity where the petition has been filed more than one year prior to July 15 of any year shall be for trial at any time prior to January 1 of the next succeeding year. The clerk shall prior to August 15 of each year give [a prescribed notice to counsel], and the notice shall state that such case will be for trial and subject to dismissal if not tried prior to January 1 of the next succeeding year pursuant to this rule. All such cases shall be assigned and tried or dismissed without prejudice at plaintiff's costs unless satisfactory reasons for want of prosecution or grounds for continuance be shown by application and ruling thereon after notice and not ex parte. . . .

No continuance under this rule shall be by stipulation of parties alone but must be by order of court. Where appropriate the order of continuance shall be to a date certain.

The trial court may, in its discretion, and shall upon a showing that such dismissal was the result of oversight, mistake or other reasonable cause, reinstate the action or actions so dismissed. Application for such reinstatement, setting forth the grounds therefor, shall be filed within six months from the date of dismissal.

tract case was dismissed for want of prosecution six months after the trial date fixed by the plaintiff's last continuance. The trial court reinstated the action, ex parte and fourteen months after the plaintiff's third trial date, and the defendant brought a certiorari action. We sustained the writ, holding it was error for the trial court to reinstate the case. We said:

> From our previous decisions interpreting this rule several general principles have evolved. One is that a case may not be continued after a 215.1 notice has been given without an order of court upon application and notice. *Kutrules v. Suchomel,* 258 Iowa [1206] at 1212–13, 141 N.W.2d [593] at 597 [1966]; *Windus v. Great Plains Gas,* 254 Iowa 114, 125, 116 N.W.2d 410, 416 (1962).
>
> When a case is continued, it is not removed from the operation of the rule except that the date of trial is changed.... If the order continuing the case is not complied with, the case stands dismissed.
>
> ... The fact that other matters, such as motions, are pending and undisposed of does not operate as an automatic continuance. Even then the obligation to obtain a continuance persists if dismissal is to be avoided.
>
> ... [A]lso ... when the time for dismissal arrives, the case is dismissed automatically without formal action by either the court or the clerk. Failure to note the dismissal of record does not save the case. *Werkmeister v. Kroneberger,* 262 N.W.2d 295, 296 (Iowa 1978).

*Brown,* 272 N.W.2d at 458–59 (citations omitted).

In *Fischer v. Hauber,* 257 Iowa 793, 795, 134 N.W.2d 918, 919–20 (1965), we again strictly enforced the rule and explained:

> [I]f some peculiar conditions are going to make it possible to distinguish rule 215.1, R.C.P., we will gradually whittle away at the rule so that finally there will, in fact, be no rule left.

Throughout the years during which we have applied the rule, another premise has been recognized as well. The responsibility for keeping a case alive must rest squarely on the shoulders of the party seeking to avoid dismissal. *Baty v. City of West Des Moines,* 259 Iowa 1017, 1023, 147 N.W.2d 204, 208 (1966). More recently, in *Doland v. Boone County,* 376 N.W.2d 870 (Iowa 1985), we again delineated the automatic nature of a rule 215.1 dismissal. And we again pointed out that it is the party's responsibility, not the court's, to obtain an order of continuance before the automatic dismissal occurs. 376 N.W.2d at 872–73.

Even more recently, in *Dolezal Commodities Inc. v. City of Cedar Rapids Airport Commission,* 387 N.W.2d 572 (Iowa 1986), we considered an application to reinstate a case which had been dismissed under the rule. Within six months following dismissal Dolezal's attorney filed a motion to reinstate the case. Although she did not obtain a ruling on the motion within the six-month period, the tardiness was excused because the case was set and later tried.

It might be contended that our holding in *Dolezal* is authority for a view adopted in this case by a majority of the court of appeals panel. According to that view, once a case has been assigned for trial jurisdiction should not be lost if the case is not reached. The contention, if adopted, would mean that the responsibility for keeping the case alive would shift from counsel to the court. For reasons we shall later explain, we reject the contention. Before doing so we first point out that our *Dolezal* decision is not controlling under the facts here.

In *Dolezal* the trial court undertook, on its own initiative, a plaintiff's responsibility to attend to the continuance of a case not reached for trial. We took care to point out where the responsibility rested under the rule:

> Dolezal should have moved the court on notice for an extension of the expiration date beyond December 31, 1984, and should have obtained submission of the motion to the court before December 31, 1984.

387 N.W.2d at 575. But the facts in *Dolezal* were unusual. When time ran out under rule 215.1, by virtue of the case not

being reached for trial, the court reset it. The case was tried when reset and we said:

> The question is whether, *under these facts*, we should nullify the trial and judgment because Dolezal did not move for an extension.

*Id.* at 575–76 (emphasis in original).

We refused to nullify Dolezal's judgment because the court administrator had in fact undertaken and discharged Dolezal's responsibility. We did not hold, as the plaintiff here would have it, that courts have a duty to do what was volunteered in *Dolezal*: to stand in for plaintiffs in stale cases and to move for an extension of the expiration date. To the contrary, as mentioned, we stated that duty still belonged to the plaintiff.

In the present case, which was automatically dismissed when the continuance expired March 12, 1985, there was no motion to reinstate the case until December 2, 1985. This was of course beyond the six-month period for the filing of such motions. It is also significant that discretion in *Dolezal* was exercised in favor of reinstatement.

One fact in the present case tends to explain Greif's inaction. It seems that counsel for both parties, and the court administrator as well, were oblivious of the fact that jurisdiction over the case had been lost. Motions were filed and ruled upon and a later trial date was set. But a reading of our cases under the rule will disclose that such an oversight is neither rare nor is it justification for a plaintiff who fails to take those steps necessary to seek reinstatement of a case within six months. Indeed, few cases would remain dismissed if oversight were to be justification for the failure.

The present case simply does not qualify under the six-month reinstatement provision. The trial court correctly ruled it lacked jurisdiction to reinstate the case.

DECISION OF COURT OF APPEALS VACATED AND JUDGMENT OF DISTRICT COURT AFFIRMED.

All Justices concur except CARTER, LARSON, and SCHULTZ, JJ., who dissent, and NEUMAN, J., who takes no part.

CARTER, Justice (dissenting).

I dissent.

However commendable the purposes of Iowa Rule of Civil Procedure 215.1 may be, the facts of this case do not justify the court's insidious transformation of plaintiff's live lawsuit into a dead one. Just as cases properly subject to dismissal under rule 215.1 should not escape that fate, cases to which the sanctions of the rule do not extend should not share that fate. Secret and silent dismissals should only be tolerated when demanded by a paramount policy.

When a court enters an order continuing a case under the rule on condition that the case be tried on a date selected by the court, and, as a result of overscheduling, the case cannot be reached, I submit that it is the court's responsibility rather than the litigant's, to take the next step in the assignment process. The ball remains in the court's court. The majority identifies the correct principles of law but misapplies them. The opinion confuses the concept of a continuance, which is a litigant's request to the court to reassign a case, with the responsibility of the court to reschedule assigned cases that it is unable to reach.

We stated in *Brown v. Iowa District Court*, 272 N.W.2d 457, 458 (Iowa 1978).

> [w]hen a case is continued, it is not removed from the operation of the rule except that the date of trial is changed.... If the order continuing the case is not complied with, the case stands dismissed.
>
> ... The fact that other matters, such as motions, are pending and undisposed of does not operate as an automatic continuance. Even then the obligation to obtain a continuance persists if dismissal is to be avoided.

(Citations omitted.) In the present case, plaintiff complied with the court's order continuing the case under rule 215.1. Plaintiff was ready, willing and able to

◼◼◼ ◼◼◼◼◼◼◼◼◼◼◼◼◼◼◼◼◼◼◼◼◼◼◼◼◼◼

proceed to trial. Consequently, the basis for dismissal recognized in *Brown* did not exist.

The cases which most nearly present the situation now before the court are *Dolezal Commodities v. City of Cedar Rapids Airport Commission*, 387 N.W.2d 572, 575–76 (Iowa 1986), and *Laffoon v. McCombs*, 261 Iowa 341, 154 N.W.2d 68 (1967). The only distinction between *Dolezal Commodities* and the present case is that the court administrator did reassign that case for trial when it could not be reached for trial on the date specified in the continuance order. No order was entered, however, removing the case from the operation of rule 215.1. We held that such an order was not required.

The effort of the majority to distinguish *Dolezal Commodities* is unpersuasive. The fact that a case is actually tried subsequent to the date established in a rule 215.1 continuance order would not alone save the case from automatic dismissal under the theory of our cases. Such dismissals, in situations where the plaintiff has failed to comply with the court's directive in the continuance order, are beyond the power of the court to avoid. *See Koss v. City of Cedar Rapids*, 300 N.W.2d 153, 157 (Iowa 1981). *Dolezal Commodities* was not excepted from the rule because the case was eventually tried but because the court recognized that, where a case cannot be reached for trial on the date assigned because of docket congestion, no responsibility to reassign the case falls to plaintiff.

This interpretation of *Dolezal Commodities* is consistent with our earlier decision in *Laffoon v. McCombs*. There the plaintiff had caused the case to be assigned for trial within the try-or-dismiss period and a hung jury resulted. The case was not reassigned for trial until the second term following the expiration of the try-or-dismiss period, and no order of continuance was obtained. We held the case was not subject to rule 215.1 because the court has a responsibility to reassign a case where a hung jury has resulted. *Dolezal Commodities* recognized a similar responsibility where a case, continued to a date certain

under rule 215.1, cannot be reached because of docket congestion. In sanctioning the dismissal of plaintiff's action, this court abandons the principles which were settled in *Laffoon* and *Dolezal Commodities*. In so doing, it retroactively changes the impact of rule 215.1 in a manner which works great prejudice on plaintiff.

LARSON and SCHULTZ, JJ., join this dissent.