Margaret Ann PROCHASKA, Appellant,

v.

IOWA STATE UNIVERSITY, Appellee.

No. 88–196.

Supreme Court of Iowa.

Dec. 21, 1988.
As Corrected March 1, 1989.

Stephen M. Engelhart, Denison, and Bruce Lundy Butler, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., and Greg Knoploh, Asst. Atty. Gen., for appellee.

Considered by McGIVERIN, C.J., and LARSON, SCHULTZ, LAVORATO and SNELL, JJ.

LARSON, Justice.

The narrow issue presented in this appeal is whether a "try-or-dismiss" order, entered on the mistaken assumption that a case is subject to dismissal under Iowa Rule of Civil Procedure 215.1, results in automatic dismissal when the case is not tried on the date set. The district court held that it did, and the plaintiff appealed. We reverse and remand.

On October 10, 1985, Margaret Prochaska filed her petition against Iowa State University alleging injuries sustained by her in an Iowa State restroom. The defendant filed an answer. In September 1986, Prochaska filed two motions for continuance. The first motion asserted that Prochaska's attorney would be unavailable for trial because of his commitment to a tour of temporary military duty.

The second continuance application, also filed in September 1986, is what got Prochaska in trouble. For some unexplained reason, Prochaska's attorney thought the case was subject to dismissal under rule 215.1. It is clear the case was not subject to dismissal under that rule, however, because it had not been on file for a year as of July 15, 1986. *See* Iowa R.Civ.P. 215.1. As of the time she filed her motion for continuance, Prochaska had not received a notice from the clerk under rule 215.1. Shortly after Prochaska filed her motion for continuance under rule 215.1, Iowa State filed a consent to the continuance, and the court granted it with the provision that

> this case is removed from the effect of rule 215.1 for January 1, 1987. *This case shall be dismissed on July 1, 1987, if not tried or disposed of prior to that date.*

(Emphasis added.)

Pursuant to this order, the court administrator set the trial for March 27, 1987. The

case was not tried on that date, however, and was in fact not tried or disposed of prior to the July 1, 1987, deadline. From the time of the first continuance order until the case was ultimately dismissed by the district court, several motions and orders for continuances were entered. These included an April 21, 1987, motion for continuance due to Prochaska's planned surgery which was in connection with her injury. An order was entered the same day granting the continuance and ordering the court administrator to set a new date for trial. No mention was made in the application or order of April 21, 1987, concerning the application of rule 215.1. On May 15, 1987, the court administrator set a new trial date for February 9, 1988.

On July 1, 1987, the date set in the 1986 try-or-dismiss order came and went, apparently unnoticed. On July 28, 1987, the clerk sent a rule 215.1 notice. This time the case *was* subject to dismissal, because it had been on file for over a year. Prochaska again moved for a continuance, and the court granted it on August 18, 1987. It again ordered the case tried or dismissed by a date certain, this time July 1, 1988.

On January 11, 1988, before the date set for trial, Iowa State moved to remove the case from the docket on the ground that Prochaska had failed to try the case by July 1, 1987, as required by the original order. On February 2, 1988, the case was ordered dismissed under rule 215.1. This appeal followed.

Rule of civil procedure 215.1 provides, in relevant part:

It is the declared policy that in the exercise of reasonable diligence every civil and special action, except under unusual circumstances, shall be brought to issue and tried within one year from the date it is filed and docketed and in most instances within a shorter time.

All cases at law or in equity where the petition has been filed more than one year prior to July 15 of any year shall be for trial at any time prior to January 1 of the next succeeding year. The clerk shall prior to August 15 of each year give notice to counsel of record as provided in R.C.P. 82 ... the notice shall state that such case will be for trial and subject to dismissal if not tried prior to January 1 of the next succeeding year pursuant to this rule. All such cases shall be assigned and tried or dismissed without prejudice at plaintiff's costs unless satisfactory reasons for want of prosecution or grounds for continuance be shown by application and ruling thereon after notice and not ex parte.

Prochaska argues that the rule 215.1 dismissal was erroneously ordered for several reasons. The rule was inapplicable by its terms, because it was erroneously "invoked" by Prochaska's improvident application for the first rule 215.1 continuance. She further contends that Iowa State is estopped to rely on rule 215.1 because of its participation in continuance proceedings up to and following the July 1 try-or-dismiss deadline. Prochaska also argues that her motions for continuances postdating the July 1, 1987, trial date should be treated as an application for reinstatement under rule 215.1.

The defendant counters that Prochaska brought rule 215.1 into play, and even though this was the result of a mistake, she is bound by it. It also argues that estoppel cannot be established, because it did nothing after the July 1, 1987, deadline that could be construed as consent to continue the case beyond that date. As to Prochaska's reinstatement argument, Iowa State observes that she did not even claim "oversight, mistake, or other reasonable cause," which are the necessary grounds for reinstatement under rule 215.1.

We address only Prochaska's first argument—that the rule 215.1 procedure commenced by her application for continuance was invalid, and the try-or-dismiss order based on it was therefore invalid. Because we agree with her on this point, we need not address her remaining issues.

■ We have said that rule 215.1 addresses a clear public need. No one disputes that protracted delay in case processing is antithetical to the interests of justice. The longer the delay, the more memories fade and the more likely

**304**

it becomes that the resolution of the dispute will be unsatisfactory. More than that, a long-delayed result, even if correct, is of less benefit than it should be to the prevailing party, and it does more harm than would be necessary to the losing party. Our commitment to rule 215.1 is a strong one.

*Greif v. K–Mart Corp.,* 404 N.W.2d 151, 153 (Iowa 1987). While the sanctions of rule 215.1 are potentially drastic, the provisions of the rule are remedial and, as such, are "intended to be liberally construed and applied to the end that meritorious trials may be had." *Gold Crown Properties v. Iowa Dist. Court,* 375 N.W.2d 692, 699 (Iowa 1985).

Rule 215.1 provides for a continuance past the January 1 dismissal date under some circumstances. It provides that the court may order the case continued and, when appropriate, the order should provide for continuance to a date certain. It is a common practice for the court to provide that the date certain be a try-or-dismiss date, as the court did here. The effect of such an order is to transfer the date of mandatory dismissal, otherwise set for January 1 by the rule, to an automatic dismissal date as set in the try-or-dismiss order.

■ The district court in this case held that, when the July 1, 1987, trial date was not met, the case was automatically dismissed and the court was without jurisdiction to enter the subsequent orders for continuance. *See, e.g., Greif,* 404 N.W.2d at 155 (case "automatically dismissed when continuance expired"); *Doland v. Boone County,* 376 N.W.2d 870, 874 (Iowa 1985) (case dismissed automatically as of January 1 following rule 215.1 notice; court thereafter was without jurisdiction to consider motion for continuance).

If this case had been subject to dismissal on January 1 following the first rule 215.1 notice because the plaintiff failed to meet the try-or-dismiss deadline, there is no question that the case would be dismissed according to our cases. That is not the situation here, however, because the case was not subject to the dismissal on January 1; rule 215.1 did not apply, and nothing the plaintiff did in terms of attempting to "comply" with the rule could change that. Because the case was not subject to mandatory dismissal on July 1, 1987, the court was not deprived of jurisdiction to enter its subsequent orders for continuance.

Unfortunately, this case shows a series of delays. Nevertheless, the court had authority to, and it did, order the continuances. Under these facts, rule 215.1 did not mandate dismissal. We therefore reverse and remand for reinstatement of the case.

REVERSED AND REMANDED.