Keith V. MILLER, Appellee,

v.

David Arnold BONAR and Dilts Trucking, Incorporated, et al., Appellants.

No. 69342.

Supreme Court of Iowa.

Aug. 17, 1983.

Philip Willson of Smith, Peterson, Beckman & Willson, Council Bluffs, for appellants.

C.W. Carlberg of Don Carlos, Carlberg & Jungmann, Greenfield, for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McGIVERIN, LARSON and WOLLE, JJ.

McGIVERIN, Justice.

Defendants appeal from numerous allegedly erroneous rulings and jury instructions in connection with an action for damages resulting from an accident involving two trucks. Specifically, they contend that the trial court erred as follows:

(1) In granting continuances under Iowa R.Civ.P. 215.1;

(2) in admitting evidence of damages not disclosed by plaintiff's answers to interrogatories;

(3) in overruling defendants' hearsay objections to certain exhibits;

(4) in permitting hearsay testimony;

(5) in overruling objections to expert testimony;

(6) in allowing opinions as to violations of domestic law;

(7) in overruling objections to jury instructions as to lack of control of defendants' vehicle;

(8) in instructing as to plaintiff's age at time of accident in the mortality table instruction; and

(9) in awarding interest on the judgment when none was requested by plaintiff.

We conclude that defendants' contentions are without merit and affirm the judgment for plaintiff.

This case arose out of a collision between two trucks on Highway 25 approximately eight miles north of Greenfield. The straight truck driven by plaintiff Keith Miller was hit from behind by a semi owned by defendant Dilts Trucking, Incorporated and driven with its consent by defendant David Arnold Bonar.

Viewing the evidence in the light most favorable to the plaintiff, the jury could have found that Bonar initially was attempting to pass Miller on the left in a marked no-passing zone on the highway. When Miller slowed and signaled a left turn, Bonar attempted to recross the center double yellow lines and go around the right-hand side of Miller's truck. Unable to complete this maneuver, Bonar hit the right rear corner of Miller's truck and pushed the box into the cab.

As a result of injuries received in this collision, Miller suffers from headaches and dizzy spells. He is unable to perform all of the farmwork which he did prior to the accident and has had to rely on his father and brother, with whom he is in partnership, for a portion of his farm income. Miller has also had to increase his reliance on veterinarians in the care of his livestock, and he has hired carpenters for his fence and farm repairs.

The jury returned a verdict for plaintiff in the amount of $150,000.

I. *Continuances under rule 215.1.* The path this case took to reach the jury was slow and tortuous. The accident occurred on November 15, 1977, and plaintiff filed his six-division petition seeking damages on November 14, 1979.

Plaintiff, however, moved towards trial at tortoise pace. Twice defendants were forced to seek motions to compel discovery and from June 1980 through July 1981, plaintiff neglected to respond to defendants' overtures to resolve the issues in this case.

On August 5, 1981, the clerk of district court gave counsel notice that pursuant to the provisions of Iowa R.Civ.P. 215.1[1] the case would be subject to dismissal unless tried prior to January 1, 1982. On December 21, 1981, plaintiff filed an application to continue the case beyond January 1, 1982, stating that "this case is complex and additional pleadings and discovery procedures are contemplated...." Defendants filed a resistance. On December 29 the district court sustained the application providing "that such continuance shall be to July 1, 1982; said cause to be tried on or before this date or be dismissed."

The record shows no further progress toward trial until June 1, 1982, when plaintiff filed his trial certificate. At the same time he also filed a motion for continuance to avoid an automatic July 1 dismissal. In the motion plaintiff stated he was experiencing health problems which delayed settlement negotiations and readiness for trial until that time. Plaintiff asked that the case be set for trial as promptly as the court calendar would allow. On June 8, the district court granted a second continuance and ordered the court administrator to immediately assign the case for trial as soon as there was an opening in the assignment. Defend-

ants filed a resistance on June 10. They then filed a motion for rehearing which brought the resistance to the attention of the court because the court had ruled before the resistance was filed. On June 29 the court overruled the motion for rehearing. Trial began on August 23.

■ Defendants raise several objections to the granting of the continuances which, they contend, defeated the purpose of rule 215.1. That purpose is to assure the timely and diligent prosecution of cases on the docket. *Brown v. Iowa District Court for Polk County,* 272 N.W.2d 457, 458 (Iowa 1978). Defendants claim error in granting the continuances.

■ The operation of rule 215.1 is not discretionary with the trial court, but the court does have discretion to grant continuances for just cause upon timely applications. *Talbot v. Talbot,* 255 Iowa 337, 340, 122 N.W.2d 456, 458 (1963). In the present case, the first continuance was applied for and granted prior to the January 1 dismissal date. The order continuing the case to July 1 did not remove the case from operation of rule 215.1; it merely moved the mandatory dismissal date back six months. *See Brown,* 272 N.W.2d at 458. If plaintiff had done nothing, the case would have been dismissed by operation of law. Plaintiff, however, prevented automatic dismissal by obtaining a second continuance prior to the July 1 dismissal date. *See McKinney v. Hirstine,* 257 Iowa 395, 398, 131 N.W.2d 823, 825 (1965).

■ Defendants do not claim the court had no jurisdiction to enter the second continuance order. Rather, they contend they were prejudiced by not being given 10 days under Iowa R.Civ.P. 117 to file their resistance before the ruling occurred. As previ-

---

1. Rule 215.1 provides in pertinent part as follows:

 All cases at law or in equity where the petition has been filed more than one year prior to July 15 of any year shall be for trial at any time prior to January 1 of the next succeeding year. The clerk shall prior to August 15 of each year give notice to counsel of record ... and the notice shall state that

such case will be for trial and subject to dismissal *if not tried prior to January 1 of the next succeeding year pursuant to this rule.* All such cases shall be assigned and tried or dismissed without prejudice at plaintiff's costs *unless satisfactory reasons for want of prosecution or grounds for continuance be shown by application and ruling thereon after notice and not ex parte....*

ously mentioned, the resistance was brought to the court's attention by defendant's motion for rehearing.

The district court's findings were discretionary. They were made upon timely application prior to the dismissal date. Although we do not condone plaintiff's lack of diligence in prosecuting this case, and on a de novo review we might have reached a conclusion different than that of the trial court, we cannot say there was an abuse of discretion here. *See State v. Morrison,* 323 N.W.2d 254, 256 (Iowa 1982).

II. *Damages not disclosed in answers to interrogatories.* Defendants also urge that the district court abused its discretion in admitting evidence of damages not disclosed by plaintiff in his answers to written interrogatories posed by defendants. This evidence consisted of testimony concerning lost income and copies of medical bills for treatment of plaintiff's injuries resulting from the accident.

■ Iowa R.Civ.P. 125(b) requires a party to supplement his responses to interrogatories if (1) he knows the response was incorrect when made or (2) he knows the response, though correct when made, is no longer correct. Implicit in this rule are sanctions for noncompliance such as exclusion of evidence, continuance or other actions that a trial court deems appropriate. *M–Z Enterprises, Inc. v. Hawkeye-Security Insurance Company,* 318 N.W.2d 408, 414 (Iowa 1982).

■ Defendants sought to have the objectionable evidence excluded. In reviewing the trial court's refusal to apply sanctions under this rule, we apply the abuse of discretion test. *Id.* Plaintiff's failure to update his answers would have been sufficient grounds for imposition of sanctions, but under the circumstances of this case we cannot say that the court abused its discretion in failing to exclude the evidence.

III. *Hearsay objections to exhibits 1–16.* Exhibits 1–4 are calendars for the years 1979–82 on which plaintiff noted whenever he had a headache; exhibits 5–15 are the medical bills referred to in division II

above; and exhibit 16 is a summary of the calendar entries. Defendants' hearsay objections to these exhibits were overruled. We affirm the trial court's rulings admitting these exhibits into evidence.

■ A. *Calendar entries.* Miller testified that either he or his wife made a notation on the calendar each day he had a headache. By the time of trial, however, he testified that he had no present recollection of when he had headaches: "The only way I can tell to remember the dates ... is to look back on the calendar...."

The common law rule in Iowa in effect at the time of trial allowed that "if a witness can testify that at or about the time a memorandum or entry was made he knew its contents, and knew it to be true, his testimony and the memorandum are both competent evidence." *Jaeger v. Hackert,* 241 Iowa 379, 382–83, 41 N.W.2d 42, 45 (1950); *Walters v. Williams,* 203 N.W.2d 383, 385 (Iowa 1973). The trial court has considerable discretion in determining admissibility of written memoranda under these rules, *see Anderson v. Low Rent Housing Commission of Muscatine,* 304 N.W.2d 239, 252 (Iowa 1981), and we find no abuse of that discretion here.

We hasten to point out, however, that under the Iowa Rules of Evidence which went into effect July 1, 1983, memoranda which record past recollections "may be read into evidence but may not [themselves] be received as an exhibit unless offered by an adverse party." Iowa R.Evid. 803(5).

■ B. *Medical bills.* Defendants contend that despite their stipulation to these medical bills, the bills were inadmissible hearsay. In their brief, however, defendants state, "This stipulation would have had the effect of waiving foundational requirements for the amounts reflected on the exhibits, and obviate the necessity of calling witnesses to provide same."

The court approved the stipulation and admitted the exhibits, apparently satisfied that the foundation for the business record

exception, Iowa Code § 622.28 (1981),[2] had been properly laid. The trial court has considerable discretion in the admission of business records, *Prestype Inc. v. Carr,* 248 N.W.2d 111, 117 (Iowa 1976), and no abuse of discretion has been demonstrated here.

IV. *Hearsay testimony.* Defendants contend that the testimony of Francis Miller, plaintiff's father, was inadmissible hearsay. This testimony centered on conversations, to which Francis was a party, that focused on the farm partnership between plaintiff, his brother and his father, and possible adjustments to the partnership agreement as a result of plaintiff's injuries and resulting inability to do his share of the work.

The record of Francis' testimony is riddled with objections, rulings and the witness' requests that questions be read back to him. We simply note that what hearsay, if any, which came in was harmless since the facts sought to be shown were proven by other testimony. *Jaeger,* 241 Iowa at 389, 41 N.W.2d at 48. Defendants were not prejudiced by this testimony. No reversible error occurred here.

V. *Expert testimony.* Iowa State Trooper John Novy investigated this trucking accident and was called by plaintiff as an expert witness to reconstruct the accident. Defendants objected to his testimony on the grounds of lack of proper factual foundation and hearsay. These objections were overruled.

Miller claims that defendants' objection was too general to preserve error. While we agree that defendants' objection could have been more specific, we believe that it was specific enough to point out to plaintiff and the court the alleged deficiencies in the factual foundation. *Hedges v. Conder,* 166 N.W.2d 844, 856 (Iowa 1969).

We conclude, however, that the trial court properly admitted the testimony of Trooper Novy in the respect discussed in this division. Iowa employs a liberal rule that allows opinion testimony if it will aid the jury and is based on special training, experience, or knowledge with respect to the issue in question. *State v. Dvorsky,* 322 N.W.2d 62, 64 (Iowa 1982) (opinion admitted of investigating deputy sheriff with four years' experience fixing minimum speed at which car was traveling at time of impact).

Novy had 25 years experience as a state trooper and in the course of his duties had investigated 800–1000 accidents. Plaintiff was the only person with firsthand knowledge of the accident who testified at trial. Bonar, the driver of the other truck, had not worked for Dilts Trucking for four years preceding the trial and his location was unknown at the time of trial. Novy was asked to reconstruct the accident based on his investigation of the scene and prior experience.

Novy's testimony was not based on out of court statements of those involved. *Cf., Ruby v. Easton,* 207 N.W.2d 10, 20 (Iowa 1973) (investigating officer's opinion as to point of impact in car-pedestrian accident inadmissible hearsay if based in part on out-of-court interviews with witnesses). Rather, Novy's opinion was based on his investigation of the yaw marks and skid marks on the pavement, the damage done to the two trucks and the point at which they came to rest.

The receipt of this opinion evidence was within the trial court's discretion and we are loathe to interfere unless a manifest abuse of discretion results in prejudice to the complaining party. *Dvorsky,* 322 N.W.2d at 64. There is no error in this assignment.

VI. *Domestic law testimony.* On redirect examination by plaintiff, Trooper Novy was allowed to give his opinion on domestic laws which Bonar had violated by his attempt to pass in a no-passing zone. Defendants' objection was overruled and they now contend the court's erroneous rulings prejudiced them. Plaintiff, on the other hand, contends that defendants' cross examination opened the door for Novy's testi-

---

**2.** This statute has now been replaced by Iowa R.Evid. 803(6).

mony on domestic law. We agree with plaintiff.

On cross examination, the following exchange took place between defense counsel and Novy without objection by plaintiff:

Q. You did not issue any citations to either driver, did you?

A. I don't know of any notation of it and I don't recall that I did.

During redirect by plaintiff, the following record was made:

Q. Trooper Novy, in cross-examination there was a . question asked as to whether any tickets were issued. Do you have any opinion as to whether the Defendant, the Dilts Trucking Company, was in violation of any of the laws of the State of Iowa in operating motor vehicles?

MR. WILSON: That is objected to as calling for a question on an opinion of law. That is improper subject matter for an expert opinion.

THE COURT: Overruled.

A. He was operating to the left of the center line in an improper passing zone, which is a violation of the state law.

Q. Do you have an opinion as to whether any other state law was being violated by the Dilts trucker at that time?

MR. WILLSON: Same objection.

THE COURT: Overruled.

A. Section 321.288 requires a driver to have his vehicle under control at all times and there's also sections in the speed section that requires you to reduce your speed in regard to surface conditions and traffic and so forth. I would say he was in violation of both of those.

Q. Do you know why no ticket was issued by yourself?

MR. WILLSON: Same objection and it is improper, irrelevant and immaterial, prejudicial.

THE COURT: Same ruling.

A. I think it was just my thinking at the time that I didn't wish to settle it for the insurance company, to be honest about it.

▮ Defendants' objection that the questions "[called] for . . . an opinion of law" which "is improper subject matter for an expert opinion" raised the issue whether the questions did call for a legal conclusion. *See Schlichte v. Franklin Troy Trucks*, 265 N.W.2d 725, 730 (Iowa 1978). We have refused to allow witnesses to testify to a legal conclusion on domestic law. *Higgins v. Blue Cross of Western Iowa and South Dakota*, 319 N.W.2d 232, 238 (Iowa 1982); *Kooyman v. Farm Bureau Mutual Insurance*, 315 N.W.2d 30, 37 (Iowa 1982). And this limitation on expert testimony has been carried over into our new rules of evidence. *See* Iowa R.Evid. 704 advisory committee comment, proposed draft.

▮ Plaintiff acknowledges this rule but urges that the rule does not apply in this case because defendants opened the door to testimony on domestic law. *Cf. State v. Campbell*, 294 N.W.2d 803, 806 (Iowa 1980) (by stating he had consumed only two to three drinks defendant initiated specific issue of quantity and opened the door to use of previously suppressed results of breath test). Defendants asked Novy whether any citations were issued to either driver, and Novy answered in the negative. By this question defendants opened the door and invited discussion of possible Iowa motor vehicle laws violated by the drivers. At best defendants implied that no laws had been violated and at worst they intimated to the jury that Bonar was not at fault in the accident. Having opened the door to the subject of domestic laws, defendants opened it to a full, not just a selective, development of that subject. *See United States v. Helina*, 549 F.2d 713, 719 (9th Cir.1977) (defendant opened door and invited discussion of his failure to turn over tax records).

VII. *Instructions 13 and 15.* Defendant objected to instructions 13 and 15 for the reason that there was insufficient evidence presented of lack of control to submit control instructions to the jury. On appeal defendants object because the subject matter in instruction 15 was that of an instruc-

**530**

tion pertaining to an automobile-pedestrian accident.

 Iowa R.Civ.P. 196 specifically gives the parties an opportunity to object to instructions prior to their submission to the jury in order to avoid obviously erroneous instructions such as instruction 15. The rule further requires that the objection be specific so that the trial court can correct such inadvertent mistakes. *Pose v. Roosevelt Hotel Company,* 208 N.W.2d 19, 25 (Iowa 1973). Defendants did not alert the court to the fact that the court had proposed to use an automobile-pedestrian accident instruction in a case involving a collision between two trucks. Parties may not remain silent and allow the court to commit an inadvertent error only to raise it later on appeal. *State v. Lyon,* 223 N.W.2d 193, 194 (Iowa 1974). Defendants failed to alert the trial court to the error which they now urge and, therefore, did not preserve the error.

 VIII. *Instruction 21.* Over defendants' objection, the trial court instructed the jury on plaintiff's life expectancy at the time of the accident rather than at the time of trial five years later. In this case, reference to Miller's age at the time of the accident caused duplication of the elements making up plaintiff's measure of damages. His life expectancy was relevant only to future damages which should be projected from the time of trial. *See Wright v. Peterson,* 259 Iowa 1239, 1248–49, 146 N.W.2d 617, 622–23 (1967).

The life expectancy figure given in instruction 21 was incorrect but that alone is not a sufficient ground for reversal. *Id.* at 1249, 146 N.W.2d at 623.

 IX. *Interest on the judgment.* Defendants also contend that the trial court erred in allowing interest on plaintiff's jury verdict for $150,000 because he had failed to request interest in his petition or otherwise. The court's calendar entry simply states: "Jury returns with verdict for Plaintiff in the amount of $150,000 and judgment plus interest is granted therefor."

We are unable to determine from this record whether the correct amount of inter-

est was awarded under Iowa Code section 535.3 (1981). However, defendants' argument that interest must be requested before it is allowed under section 535.3 is without merit. In *Oskaloosa Food Products Corporation v. The Aetna Casualty and Surety,* 337 N.W.2d 521 (Iowa 1983), also filed today, we held that section 535.3 is mandatory; interest must be awarded from the date of the commencement of the action even if none is requested.

We have considered all contentions of the parties but have discussed only those relevant to the result we reach. The judgment for plaintiff is affirmed and the statutory rate of interest shall accrue thereon from the date the petition was filed.

AFFIRMED.