Brenda Faye BORNN, Administrator of
the Estate of David M. Bornn, Sr.,
Plaintiff–Appellant,

v.

John E. MADAGAN,
Defendant–Appellee.

No. 85–1641.

Court of Appeals of Iowa.

Aug. 26, 1987.

Joel T.S. Greer and Michael R. Bovee of Greer, Nelson, Montgomery, Barry & Bovee, Spencer, for plaintiff-appellant.

Francis Fitzgibbons and Harold W. White of Fitzgibbons Brothers, Estherville, and James A. Clarity and Peter B. Narey of Narey, Barbee, Clarity & Chozen, Spirit Lake, for defendant-appellee.

Heard by OXBERGER, C.J., and SNELL and SACKETT, JJ.

SNELL, Judge.

On July 21, 1980, David M. Bornn was killed when the motorcycle which he was driving collided with a grain wagon on Highway 86 in Dickinson County, Iowa. At the time of the collision the wagon was being pulled by a tractor operated by defendant, John E. Madagan. Moments before the collision, Madagan had entered the highway from a farm driveway and was proceeding south. Bornn was also headed south when the accident occurred.

Brenda F. Bornn, administrator of David's estate, initiated the present action on May 19, 1982. Her three-count petition alleged wrongful death as well as loss of parental and spousal consortium, support, and services. Trial to a jury commenced on October 8, 1985, and a verdict in favor of Madagan was returned three days later. This appeal followed. Our review is limited to the correction of errors at law. Iowa R.App.P. 4.

## I.

Bornn maintains that several of the district court's rulings constituted prejudicial error. These challenged rulings all pertain to the propriety of certain expert testimony. The admissibility of such testimony is a matter committed to the sound discretion of the district court. *Poyzer v.*

*McGraw,* 360 N.W.2d 748, 752 (Iowa 1985). We will not interfere with the district court's ruling unless a manifest abuse of discretion has resulted in prejudice to the complaining party. *Miller v. Bonar,* 337 N.W.2d 523, 528 (Iowa 1983). We employ a liberal rule which allows expert opinion testimony if it will aid the jury and is based on special training, experience, or knowledge with respect to the issue in question. *Id.* 528.

Although Bornn's appellate brief states but one issue containing four allegations of district court error, we do not consider such issues *en masse.* We reaffirm our position that the admissibility of expert testimony must be determined independently as to each witness. *Dougherty v. Boyken,* 261 Iowa 602, 615, 155 N.W.2d 488, 495 (1968). Accordingly, we separately consider the following four allegations of district court error submitted by Bornn: (1) allowing Madagan's expert witness to testify as to the cause of the collision; (2) allowing Madagan's expert witness to testify that the decedent could have avoided the collision; (3) precluding two investigative police officers called by Bornn from testifying as to the cause of the collision; and (4) precluding an investigative officer called by Bornn from testifying as to whether the decedent could have avoided the collision.

## II.

Armin Pavlovic, called as a witness by Madagan, is a mechanical engineer who possesses extensive experience in accident reconstruction. His area of expertise allows him to apply principles of physics and mathematics to evidence gathered following an automobile accident in order to theoretically reconstruct the accident. Following preliminary questioning, Madagan's counsel asked Pavlovic whether he had reached "an opinion or conclusion as to what happened at the accident; that is, how the accident took place?" Receiving an affirmative response, counsel asked Pavlovic to "describe generally to the jury what your understanding is as to how the accident took place." Following a voir dire examination by Bornn's counsel, Pavlovic

did so. Bornn claims the allowance of this testimony was error.

There are several threshold difficulties to Bornn's first claim of error. First, at no time during that part of Pavlovic's extensive and detailed reconstruction testimony pertinent to this claim of error did Bornn enter an objection. Although immediately following his voir dire examination of Pavlovic, Bornn's counsel attempted to enter what was essentially a standing objection seeking to preclude Pavlovic from testifying "to ultimate conclusions which would invade the province of the jury as to fault," the district court expressly disallowed such an objection and instructed counsel to make a specific objection "if and when the objectionable questions are asked." This is consistent with the position taken by our appellate courts disfavoring the use of standing objections. *E.g., Prestype, Inc. v. Carr,* 248 N.W.2d 111, 117 (Iowa 1976). No specific objections to the substance of Pavlovic's testimony, however, appear following the above-quoted instruction of the court. Accordingly, we have serious reservations as to whether this issue has been preserved for our review. *E.g., Van Iperen v. Van Bramer,* 392 N.W.2d 480, 486 (Iowa 1986).

■ A different, yet related, threshold issue concerns Bornn's attempted standing objection that Pavlovic "not be allowed to testify to ultimate conclusions that would invade the province of the jury as to fault." Even had the district court allowed the standing objection, and even were we persuaded that such an objection was sufficient in general to preserve error, the particular objection made by Bornn's counsel would present a different question of error preservation. Our law refuses to sanction the objection that a qualified expert's testimony "invades the province of the jury." *See, e.g., Schlichte v. Franklin Troy Trucks,* 265 N.W.2d 725, 730 (Iowa 1978); *Winter v. Honeggers' & Co., Inc.,* 215 N.W.2d 316, 321 (Iowa 1974). Our courts have held such objections to be "of no force or effect." *Adams v. Deur,* 173 N.W.2d 100, 110 (Iowa 1969); *see Grismore v. Consolidated Prods. Co.,* 232 Iowa 328, 344, 5

N.W.2d 646, 655 (1942). Although the objection would perhaps be sufficient had Pavlovic's testimony been, in fact, directed at the relative fault of the parties, we disagree with such a characterization of Pavlovic's testimony.

■ Bornn characterizes Pavlovic's testimony as "testimony as to the cause of the collision." Our reading of the trial transcript's pertinent pages persuades us that Pavlovic's testimony did not state the "cause" of the accident, in the sense of direct testimony allocating fault, but was rather a chronological description of the series of events the occurrence of which the evidence supported. Compiling and testifying to such conclusions is the nature of Pavlovic's profession. He did not testify to either party's fault or negligence. We think his testimony "assist[ed] the trier of fact to understand the evidence [and] to determine a fact in issue," Iowa R. Evid. 702, and that Pavlovic was qualified to give such testimony. The district court did not abuse its discretion in allowing the testimony.

### III.

■ Bornn urges us to find error in the district court's decision to allow Pavlovic to testify that the decedent could have avoided the collision. After Pavlovic's testimonial reconstruction of the accident, the following colloquy occurred between Madagan's counsel, Pavlovic, and Bornn's counsel:

Q. Do you have an opinion, Mr. Pavlovic, as to what the operator of the cycle could have done to avoid that impact? Do you have an opinion? A. Yes.

Q. What is your opinion?

MR. GREER: Your Honor, at this time I would object to that question as calling for the—for an opinion and conclusion of this witness that would invade the province of the jury.

MR. FITZGIBBONS: I'm not sure that would be objectionable to him—to an accident reconstruction expert.

THE COURT: You may answer. Objection is overruled.

THE WITNESS: In order to avoid the accident, the time and the distance were available for the driver of the cycle to simply slow within his own lane and he would have the option of either slowing to the speed of the farm vehicle train and then remaining behind it or, if he chose, to stop.

We again note the ineffectiveness of counsel's "invade the province of the jury" objection. *See Schlichte,* 265 N.W.2d at 730; *Adams,* 173 N.W.2d at 110. Even were the matter properly before us we would find it to be without merit. Pavlovic's experience and education enabled him, as he testified, "to find answers to such things as time, distance, speed and various aspects of accidents which can be determined from the physical facts by the application of math and science." His testimony given prior to this opinion extensively details the factors and calculations involved in reaching his conclusion. He did not testify to a legal conclusion on domestic law, *see Miller v. Bonar,* 337 N.W.2d 523, 529 (Iowa 1983), nor did he state an opinion as to a legal standard. *See Kooyman v. Farm Bureau Mut. Ins. Co.,* 315 N.W.2d 30, 37 (Iowa 1982); Iowa R. Evid. 704 committee comment (1983). His opinion did not directly address the relative fault of the parties. *See Grismore,* 232 Iowa at 361, 5 N.W.2d at 663. We think Pavlovic's opinion concerned a proper subject of expert testimony. The district court did not abuse its discretion in allowing it.

## IV.

■ Born maintains the district court erred in refusing to allow either Deputy Michael Workman or Trooper Marlyn Mossman to testify as to the cause of the collision. Both rulings were made during in-chambers discussions with the court. Although the offers of proof are sketchy, particularly with respect to Officer Mossman, it is fairly apparent that both Mossman and Workman would have testified to their opinions that the collision was caused by Madagan's failure to yield the right-of-way when he entered the highway from the farm driveway. The district court noted that objections to such testimony would be sustained. The district court was of the opinion that the testimony would invade the province of the jury, would not be of assistance to the jury, and was not a proper subject of expert testimony.

We note initially our disagreement with Born's argument that while the district court refused to allow Mossman and Workman to testify to the cause of the accident, it allowed Pavlovic to do so. We outlined earlier in this opinion our belief that Pavlovic's testimony did not directly address the "cause" of the collision in terms of fault. This is in stark contrast to the testimony proposed to be elicited from Mossman and Workman. Pavlovic testified as to "how" the accident took place in terms of a chronological series of events; Mossman's and Workman's proposed testimony was directed towards "why" the accident took place in terms of relative fault. Whereas the former opinion dealt only with a mechanical rendition of events, the latter opinion deals with a conclusion as to legal liability. Whereas the former opinion looks for the storyline, the latter opinion seeks the moral. We think the testimony proposed to be elicited from Mossman and Workman would have constituted a legal conclusion on domestic law, i.e., that Madagan had failed to yield the right-of-way to Born. It was therefore properly disallowed. *See Miller,* 337 N.W.2d at 529. In addition, we do not think testimony which essentially relates an opinion as to the relative fault of the parties is a proper subject of expert testimony. *See Kooyman,* 315 N.W.2d at 37; *Grismore,* 232 Iowa at 631, 5 N.W.2d at 663. The district court did not abuse its discretion in refusing to permit such testimony from Officers Mossman and Workman.

## V.

■ Finally, Born contends that the district court erred in refusing to allow Officer Mossman to give his opinion as to "whether [the decedent] could have done anything but apply his brakes to avoid the accident?" Born's offer of proof suggests that Officer Mossman would have testified that the decedent could have taken

no evasive action aside from applying his brakes. The district court determined that such testimony would be too speculative, would be of no assistance to the jury, and would invade the province of the jury.

Officer Mossman's experience covers some thirty years. The last ten years included, according to his testimony, approximately ten automobile accident investigations a year. Although during the previous twenty years his experience in accident investigations was much more extensive, he testified that he had "[v]ery little" training in accident reconstruction. In addition, he did not testify that he possessed any experience in the field of accident reconstruction, a subject matter manifestly relevant to a qualified opinion on the issue of what evasive action the decedent could have taken in order to avoid the collision. Our courts are of the persuasion that it is not enough for a witness to be qualified as an expert in a certain general area; that witness must be qualified to answer the particular question propounded. *Ruden v. Hansen,* 206 N.W.2d 713, 717 (Iowa 1973). Although a district court ruling allowing such testimony may have been a valid exercise of that court's discretion, *see Miller,* 337 N.W.2d at 528, we cannot say the court clearly abused its discretion in disallowing the testimony.

AFFIRMED.

OXBERGER, C.J., concurs.

SACKETT, J., specially concurs.

SACKETT, Judge (specially concurring).

I concur with the majority only because I find no manifest abuse of discretion in the trial court's ruling on the evidentiary matters. *See Miller v. Bonar,* 337 N.W.2d 523, 528 (Iowa 1983). However, I do not subscribe to the majority's opinion. I specifically depart from it in the following respects:

1.  The majority has determined error was not preserved on issues 1, 2 and 3. We must not forget these objections were made at the time of trial. I find the plaintiff clearly alerted the trial court to his challenges and find error was preserved on these issues.

2.  Unlike the majority, I am not convinced that Officer Mossman is not qualified as an expert witness because he did not testify he possessed any experience in the field of accident reconstruction, a subject matter the majority determines is manifestly relevant to a qualified opinion on the issue of what evasive action decedent could have taken to avoid the collision. Officer Mossman, who actually investigated this accident, is a state trooper with 30 years of service, 20 years of which have involved extensive accident investigations. A state trooper with 30 years in the field has had much experience in reconstructing accidents. A trooper basically attempts to reconstruct every accident he or she investigates. While Officer Mossman may not have the "theory" which Pavlovic has, Officer Mossman definitely has the field experience.

3.  Additionally, I do not understand the majority's attempt to characterize Pavlovic's opinion as the storyline and Mossman and Workman's as the moral.