Patricia **TERRELL** and Rosie Terrell, Appellants,

v.

David A. **REINECKER** and **Keen** Transport, Appellees.

No. 89–1962.

Supreme Court of Iowa.

March 18, 1992.

Anthony Jamison of Anthony Jamison Law Offices, Rock Island, Ill., for appellants.

John D. Telleen of Lane & Waterman, Rock Island, Ill., for appellees.

HARRIS, Justice.

The court of appeals reversed a district court judgment in this tort suit arising from a collision of motor vehicles. Reversal was predicated on an evidentiary ruling which allowed testimony of an investigating officer. We conclude the court of appeals decision was correct and hence reverse and remand.

Rosie Terrell and Patricia Terrell, mother and daughter, were injured when their car collided with a truck proceeding in the same direction on an interstate highway bridge over the Mississippi River. The accident occurred shortly after the Terrell vehicle had entered the interstate highway and had merged into the right-hand lane of the two eastbound lanes crossing the bridge. The facts of the accident are otherwise disputed.

The Terrells maintain that the truck was behind them when they entered the interstate highway, that the truck then passed them in the left-hand lane, and that the truck sideswiped them while passing or while trying to return prematurely to the right-hand lane. The truck driver maintains that he was deliberately straddling both of the eastbound lanes because of his wide load, that he did not pass the Terrell car at any time, that the Terrell car failed to yield when entering the interstate highway, and that the Terrell car hit the truck while entering one of the two lanes already occupied by the truck.

The Terrells sued the driver and owner of the truck. A jury returned a verdict finding that the truck driver was not at fault. (The jury did not expressly reach the question whether the Terrells were at fault.) On the basis of this verdict, the district court entered a judgment in favor of the defendants. The Terrells appealed from this judgment.

The court of appeals reversed the district court's judgment. The court of appeals majority held the district court erred by permitting an investigating officer to testify he believed the Terrell vehicle had failed to yield. The majority concluded the officer's testimony exceeded the proper scope

of expert testimony because it involved a legal conclusion concerning a statutory violation. We granted further review to consider whether admission of the officer's testimony was reversible error.

In general an expert witness is not permitted to state a legal conclusion. *Miller v. Bonar*, 337 N.W.2d 523, 529 (Iowa 1983). This rule is modified somewhat if a legal issue is raised in such a way as to become a necessary operative fact; when however the legal conclusion is a rule of decision to be applied by the judge or jury in deciding the case, it is not a proper subject for expert testimony. *United Central Bank of Des Moines v. Kruse*, 439 N.W.2d 849, 852 (Iowa 1989).

Here the investigating officer testified that in his opinion Patricia Terrell had "failed to yield the right-of-way to the Reinecker vehicle." This testimony does state a legal conclusion that Patricia Terrell had violated a statutory duty. *See Federal Land Bank v. Woods*, 480 N.W.2d 61, 69 (Iowa 1992) ("Legal conclusions are peculiarly for the court to decide and not the jury."). Although the testimony stopped short of stating negligence had occurred, it did extend too far into the realm of legal conclusion.[1] The testimony was not inadmissible merely because it recited operative facts which happened to echo the contents of a motor vehicle statute. It was inadmissible because it called for a conclusion of law in addition to the operative facts. The

court of appeals was correct in determining the testimony should have been excluded.

Although defendants contend otherwise, we cannot find the error was harmless. The jury may well have relied on a belief that the accident was caused by Patricia Terrell's failure to yield, and done so on the basis of the officer's improper testimony.

DECISION OF COURT OF APPEALS AFFIRMED; DISTRICT COURT JUDGMENT REVERSED AND REMANDED.

All Justices concur except ANDREASEN and LARSON, JJ., who dissent.

ANDREASEN, Justice (dissenting).

Because I believe the term "failure to yield" is a commonly used descriptive phrase with ordinary meaning, which does not necessarily imply a legal conclusion, I respectfully dissent.

Fifty years ago, we decided that an expert witness' opinion testimony upon the ultimate fact or controlling issue in a case was not an invasion of the province of the jury and was thus admissible. *See Grismore v. Consolidated Prods., Co.*, 232 Iowa 328, 5 N.W.2d 646 (Iowa 1942). However, in that same case we also held that an expert witness may not give opinion testimony on matters of domestic law or mixed questions of facts and law as that was an invasion of the province of the court as law

1. The relevant portion of the trial testimony was as follows:

Q. Okay. Now I would once again ask you if you have an opinion as to the cause of the accident?

MR. JAMISON: Well, your honor, I think there is still insufficient foundation. In *Bornn versus Madagan—*

THE COURT: The objection is now overruled.

A. What I thought after looking at the accident, the damage to the vehicle and the truck, and everything else is that the truck driver, Mr. Reinecker, had pulled over in time and I thought vehicle number two coming up on the inside—

MR. JAMISON: Well, your honor, I object to what he thought. He was supposed to be rendering an opinion.

THE COURT: The objection is overruled. He's stating his opinion.

A. Yes, sir, the bottom line what I thought was vehicle number two just tried to get up inside the truck on the bridge, inside where there was no room.

Q. In your opinion, did the vehicle fail to yield? A. Which vehicle, sir?

MR. JAMISON: Objection, your honor, that calls for a conclusion of law.

THE COURT: Objection is overruled.

By Mr. Telleen:

Q. The Terrell vehicle? A. That was vehicle number two, the passenger car?

Q. Yes. A. Yes, sir. I thought she made a bad choice of judgment trying to get up between the truck and the bridge where there was no room.

Q. It's your opinion she failed to yield the right-of-way to the Reinecker vehicle? A. Yes, sir, I do.

giver. *Id.* 5 N.W.2d at 663. *See also* McCormick *Opinion Evidence in Iowa,* 19 Drake L.Rev. 245, 259 (1970).

The second *Grismore* proposition has been applied in this state to exclude testimony relating to violations of the rules of the road. *See, e.g., Miller v. Bonar,* 337 N.W.2d 523 (Iowa 1983) (testimony to effect that party violated the law by passing in a no-passing zone); *Schlichte v. Franklin Troy ·Trucks,* 265 N.W.2d 725 (Iowa 1978) (testimony that skid marks indicated a violation of the speed laws); *Bornn v. Madagan,* 414 N.W.2d 646 (Iowa App.1987) (testimony that party failed to yield).

I believe that under Iowa Rule of Evidence 704 we should move away from such a strict application of the "conclusion of law" restriction in cases where the testimony is used for a descriptive purpose.

There are certain terms which, although they describe a violation of the law, are the simplest way to describe the happening of an event. These terms are ordinary and of such common usage and understanding that, although they may imply a violation of a rule of the road, there is no better descriptive term to aid the jury in understanding what, in the opinion of the witness, happened.

In my opinion, "failed to yield" or "failure to yield" are examples of terms for which there is no better way to state what happened. It is the simplest way to describe that a person entered a highway or intersection at the wrong time when there was another vehicle in the immediate vicinity who at the time the person entered the intersection or highway, had the proper right of way.

The statements I make today find support in some of the recognized treatises on evidence:

Sometimes the court fears confusion; the conclusion may convey different information to jurors than to lawyers, *a danger which does not exist when there is no conflict between the expert's definition and the legal definition.*

*Weinstein's Evidence* ¶ 704[02] (1991) (emphasis added).

In short, where a legal standard has ordinary meaning, or can be made clear to the witness by specific questions, *then the witness should be allowed to testify* ... the testimony should be disallowed where the standard does not carry ordinary meaning, and has not been so clarified.

D. Louisell & C. Mueller, *Federal Evidence* § 395 (1979) (emphasis added) (predicating admissibility on rule 704). *See also* 7 J. Adams & K. Kincaid, *Iowa Practice: Evidence* § 704.2 n. 7 (1988).

A court which does not ban opinion on the ultimate issue as such may nevertheless condemn a question phrased in terms of a legal criterion not adequately defined by the questioner so as to be correctly understood by laymen, the question being interpreted by the court as calling for a legal opinion. But it is often convenient or desirable to use questions that are not intended to call forth any legal conclusion but are phrased in terms of some legal standard familiar to lawyers. There is thus a problem of interpretation of the questions.... On the whole, it is thought that the danger that these questions phrased in terms of "legal conclusions" will be understood as calling for a conclusion or opinion of law will be very slight, since they will seldom be asked except when the *popular meaning is the same as the legal meaning.*

*McCormick on Evidence* § 12 at 32 (E. Cleary 3d ed. 1984) (emphasis added).

The testimony in this case is similar to that allowed in *State v. Dvorsky,* 322 N.W.2d 62 (Iowa 1982). There, we allowed expert reconstruction testimony to the effect that one of the vehicles involved in a crash was traveling at least seventy miles per hour. *Id.* at 64–65. The manner in which the question was asked and answered was for a descriptive purpose about the speed at the time of the impact, even though the testimony clearly rendered a legal conclusion that the vehicle was speeding.

I also see the testimony in this case as similar to that permitted in *State v. Mur-*

*phy,* 451 N.W.2d 154 (Iowa 1990). There, we allowed an expert witness to state his opinion that the defendant "was under the influence and impaired." *Id.* at 155.

It is my opinion that we have previously allowed testimony when it was descriptive, even though it implied a violation of the law or a legal conclusion. It is my opinion we have already approved of the propositions I urge today and we now have an opportunity to make a clear statement on this issue.

Finally, since this case presents almost identical testimony to that presented in *Bornn,* I would vote to overrule that portion of *Bornn,* approving of the exclusion of such evidence.

For these reasons, I respectfully dissent.